George **PEREZ**, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD**, Respondent.

**No. 91–3108.**

United States Court of Appeals, Federal Circuit.

April 17, 1991.

George Perez, pro se.

Sara B. Rearden, Merit Systems Protection Bd., Washington, D.C., submitted for respondent. Of Counsel was Llewellyn M. Fischer, Mary Jennings and David C. Kane.

Before MICHEL and CLEVENGER, Circuit Judges, and BENNETT, Senior Circuit Judge.

MICHEL, Circuit Judge.

George Perez appeals the decision of the Merit Systems Protection Board (MSPB or Board), dismissing his appeal for lack of subject matter jurisdiction. *Perez v. Department of the Army*, 46 M.S.P.R. 284 (1990). The Administrative Judge's (AJ) initial decision became final October 24, 1990, upon denial of review by the full Board. Because the personnel action Perez contests—denial of further sick leave and placement in a non-pay AWOL status until he returned to work—is not an action within the jurisdiction of the MSPB, we affirm.

## BACKGROUND

George Perez was employed as a civilian writer with the Army's Headquarters Aviation Training Brigade at Fort Rucker, Alabama. On January 8, 1990 Perez requested sick leave, for an indefinite period of time, for "[e]valuation and treatment for polyarticular joint pain." Respondent's Appendix (Resp.App.). The application was signed by Perez's doctor, who certified therein that Perez was "physically incapacitated for work." *Id.*

Perez's request was initially approved by a staff officer. But on January 24, 1990, Perez's immediate supervisor, Capt. James M. Robertson, wrote a letter to Perez, questioning the justification for the indefinite sick leave and requesting that he either return to work and have his physician provide additional information so that special accommodations could be made for him, or, if he could not work at all, provide medical documentation of his doctor's diagnosis and prognosis.

On March 14, 1990 the Army sent Perez another request for medical documentation, warning that if he did not respond within 15 days, his status would be changed from sick leave to absent without leave (AWOL). On April 2, after no information had been received, the Army placed Perez in AWOL status, in which he remained until he returned to work on May 7, 1990.

After being placed on AWOL status, Perez submitted a letter from his physician on April 5, 1990. The Army's Occupation Health Physician reviewed this letter and determined it to be insufficient to justify continuing Perez in sick leave status.

On May 21, 1990 Perez sought to appeal his placement in AWOL status to the MSPB. Indicating doubt as to whether the MSPB had jurisdiction over the appeal, the AJ issued an acknowledgement order on May 25, 1990 inviting Perez to file evidence and argument establishing that the action was within the Board's jurisdiction. After reviewing the evidence submitted, the AJ issued an initial decision on June 27, 1990 dismissing the appeal for lack of jurisdiction. On October 24, 1990, the full Board denied Perez's petition for review of the initial decision because it did not meet the criteria for review set forth at 5 C.F.R. § 1201.115, and the AJ's decision thus became the Board's final decision. *Perez v. Department of the Army*, 46 M.S.P.R. 284 (1990).

Perez timely appealed to this court on November 23, 1990.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1988).

---

1. The government argues that Perez's appeal was not timely because this court's docket entries show a filing date of December 10, 1990, outside the 30 day filing deadline prescribed by 5 U.S.C. § 7703(b)(1) (1988). However, Perez has submitted a Federal Express receipt showing that he deposited a package with Federal Express on November 21 and that that package

## DISCUSSION

■ The MSPB has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation. 5 U.S.C. § 7701(a) (1988); *Rose v. Department of Health and Human Services,* 721 F.2d 355, 356 (Fed Cir.1983). These appealable actions include "[r]emoval, reduction in grade or pay, suspension for more than 14 days, or furlough for 30 days or less for cause that will promote the efficiency of the service." 5 C.F.R. § 1201.3(a) (1990) (implementing 5 U.S.C. § 7512). Perez argues that the MSPB has jurisdiction over his appeal because his placement in AWOL status for a period of about 5 weeks reduced his pay and amounted to a constructive suspension.

■ Title 5 defines "suspension" as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. § 7501(2). Our cases have also recognized, however, that certain personnel actions, though not termed "suspensions," may remove an employee's duties and cause a loss of pay, thus producing the same effects as actual suspensions. Such "constructive suspensions" are within the jurisdiction of the MSPB. Thus, in *Pittman v. Merit Systems Protection Bd.,* 832 F.2d 598 (Fed.Cir. 1987), we held that the Army's placement of an employee on "enforced leave" due to his medical condition, which prevented him from performing in any available position, constituted a suspension of more than 14 days and that the MSPB therefore had jurisdiction.[2] Perez argues that *Pittman* controls this case. We disagree.

■ Perez, unlike the petitioner in *Pittman,* was never placed on an *enforced* leave of absence. Rather, the Army transferred him from sick leave to AWOL status because he failed to comply in a timely fashion with repeated instructions to return to work or submit additional documentation and because his documentation was unsatisfactory. It was his choice, not the agency's, to remain away from work. We hold that in a situation such as this, where an employee has voluntarily absented himself from work, placement in a non-pay or AWOL status, even for longer than 14 days, is not a constructive suspension or other agency action appealable to the MSPB.[3]

Since the MSPB had no jurisdiction, the merits of Perez's challenge regarding denial of sick leave and his placement on AWOL status were not before the MSPB for decision; nor are they before us. We express no opinion as to whether his April 5, 1990 letter constituted sufficient documentation of his inability to work because of illness or whether the Army's refusal to continue him in sick leave status was otherwise improper. Similarly, we intimate nothing as to whether the Claims Court, in a suit under the Back Pay Act, would have jurisdiction to consider Perez's claim, or whether any other remedy or forum may be available.

## CONCLUSION

The MSPB properly held that it was without jurisdiction over Perez's claim that he was wrongfully transferred from sick leave to AWOL status. The decision of the MSPB that it lacked subject matter jurisdiction is therefore

*AFFIRMED.*

was received by an authorized agent of this court on November 23, within the 30 day deadline. This version of the events is further corroborated by the fact that Perez's certificate of service and filing fee check are both dated November 21. On this evidence we shall deem Perez's appeal timely.

**2.** Relying on *Thomas v. General Services Admin.,* 756 F.2d 86 (Fed.Cir.), *cert. denied,* 474 U.S. 843, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985), and *Mercer v. Department of Health and Human Servs.,* 772 F.2d 856 (Fed.Cir.1985), we rejected the government's argument that the enforced leave was not disciplinary.

**3.** Our holding is thus consistent with *Bucci v. Department of Education,* 36 M.S.P.R. 489 (1988), which was relied on by the Board in its decision in this case.