949 F.2d 403
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael F. GRZELAK, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3294.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1991.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Michael F. Grzelak appeals from the March 27, 1990 final order of the Merit Systems Protection Board, Docket No. AT34439010824. According to the Board, Mr. Grzelak was suspended from his position with the United States Postal Service for exactly fourteen days, and thus the Board lacked jurisdiction over his appeal of the agency's action. We affirm.
 
 OPINION
 
 2
 The Board found that Mr. Grzelak was suspended for fourteen days beginning September 14, 1990, for disciplinary reasons. At issue is whether Mr. Grzelak was also suspended on August 21 and 22, 1990, and whether the period of suspension totalled more than fourteen days.
 
 
 3
 Under 5 U.S.C. § 7512(2), an appeal to the Board may be taken of a "suspension for more than 14 days." "Suspension" is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. § 7501(2); Martel v. Department of Transportation, 735 F.2d 504, 507 (Fed.Cir.1984). Certain personnel actions that result in a loss of duties and pay may be deemed suspensions, whatever word is used by the agency to describe the action. Perez v. Merit Systems Protection Board, 931 F.2d 853, 855 (Fed.Cir.1991). However, when an employee has been placed on administrative leave with pay, this is not a suspension within the meaning of the statute. Henry v. Department of Navy, 902 F.2d 949, 953-54 (Fed.Cir.1990).
 
 
 4
 The Board found that Mr. Grzelak was issued an "emergency suspension letter" on August 21 by Michael J. Vaporis, Officer-In-Charge of the New Port Richey, Florida Post Office. The letter instructed Mr. Grzelak to return to work on August 23. Mr. Grzelak worked 3.84 hours on August 21, for which he was paid; he was placed on paid administrative leave for the remaining 4.16 hours on that day, and for 8 hours on August 22. Mr. Grzelak argues that the agency itself termed his enforced leave on August 21 and 22 a "suspension", pointing to the August 21 letter and to two documents not considered by the Board because they were submitted after the close of the record.
 
 
 5
 The term "suspension", insofar as appeal rights are concerned, is limited by statute to periods in which pay is withheld. Although Mr. Grzelak has apparently tendered his pay for the two days in dispute, he can not retroactively change the legal effect of what occurred during this two-day period. Thus the Board's decision that it had no jurisdiction because the "suspension" did not exceed fourteen days is in accordance with law, 5 U.S.C. § 7703(c), and is affirmed.