Joseph ATKINSON, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 00–3404.

United States Court of Appeals, Federal Circuit.

DECIDED: March 8, 2001.

848

Before: NEWMAN and LINN, Circuit Judges, FRIEDMAN, Senior Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Joseph Atkinson seeks review of the decision of the Merit Systems Protection Board (Board), dismissing his appeal of an alleged constructive suspension. *See Atkinson v. United States Postal Serv.*, 86 M.S.P.R. 333, No. SE0752990351–I–1 (MSPB June 23, 2000). The Board held that Mr. Atkinson's absence from work for the period after August 30, 1999 was voluntary, and that there was no appealable action. We *affirm* the Board's decision.

## BACKGROUND

Mr. Atkinson was employed by the United States Postal Service (agency) in Anchorage, Alaska. He requested and was granted a period of absence based on job-induced stress. On August 23, 1999, he submitted a letter from his clinical psychologist dated August 20, 1999, stating that he could return to work "by Wednesday, August 25, 1999." The agency's contract physician reviewed this letter and deemed it insufficient to show that Mr. Atkinson could perform the duties of his position. On August 26, 1999 the agency wrote Mr. Atkinson that he should supplement his letter with a completed Work Restriction Evaluation Form. Mr. Atkinson's clinical psychologist completed the form on August 30, 1999. Mr. Atkinson filed the form with the agency on September 14, 1999. An agency contract physician concurred with his return to full duty by letter dated September 14, 1999, received by the agency September 15, 1999. On September 15, 1999 the agency sent Mr. Atkinson a "Return–to–Work" letter and also attempted to advise him by telephone that he could report to work that day. Meanwhile, on September 13, 1999 Mr. Atkinson filed an appeal to the Board, stating that he had been placed in involuntary leave status as of August 25, 1999, the date on which his psychologist had stated he could return to work, and had been constructively and erroneously suspended until at least September 15, 1999.

The Board held that Mr. Atkinson had not been absent from work involuntarily for fourteen or more days, as required by statute to establish appeal rights based on improper suspension. The Board held that Mr. Atkinson's absence after August 30, 1999, the date his psychologist had completed the newly requested form (not filed with the agency until September 14, 1999), was "entirely voluntary" and therefore could not be counted to meet the fourteen day jurisdictional minimum. This appeal followed.

## DISCUSSION

A Board decision will not be affirmed if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. . . ." 5 U.S.C. § 7703(c).

A suspension is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. §§ 7501(2), 7511(a)(2). A "suspension for more than 14 days" is appealable to the Board. 5 U.S.C. §§ 7512(2), 7513(d). Included in this category of appealable actions are personnel actions that, although not technically suspensions, "remove an employee's duties and pay, and thus have the same effect as suspensions." *Perez v. M.S.P.B.*, 931 F.2d 853, 855 (Fed.Cir.1991). Such a "constructive suspension" is appealable to the Board if its duration was for more than fourteen days. *Id.* To constitute an appealable suspension the employee's absence must be involuntary. *See Holloway v. United States*, 993 F.2d 219, 221 (Fed.Cir.1993). If an employee has voluntarily absented himself from work, generally an appealable action does not arise. *See Perez*, 931 F.2d at 855.

 Mr. Atkinson argues that the Board erred as a matter of law when it found his absence from work after August 30, 1999 to be voluntary. That was the day the requested form was completed by his psychologist, although Mr. Atkinson did not submit it to the agency until two weeks later. An agency must restore an employee to active duty status immediately upon learning that the employee is medically able to perform the duties of his position. However, the agency acted reasonably in following its internal procedures to assure that the employee is medically fit to perform all of the duties of his position. This is in contrast to *Pittman v. Merit Sys. Prot. Bd.*, 832 F.2d 598, 600 (Fed.Cir. 1987), wherein this court ruled that a constructive suspension occurred when the agency insisted that the employee either return to work or provide documentation for continued absence. In Mr. Atkinson's case the agency insisted that his treating psychologist or physician verify that he could perform all the duties of his position. Until the psychologist's form of August 30, 1999 was provided to the agency on September 14, 1999, the agency can not be charged with knowledge that Mr. Atkinson was fully fit for return to employment. The gap between August 30 and September 14 is not explained by Mr. Atkinson.

Mr. Atkinson argues that the information in the letter he submitted on August 23 and the Work Restriction Evaluation Form he submitted on September 14 are essentially identical insofar as they relate to his capability of performing his job. The August 23 letter did not relate to physical performance of the specific tasks of his position, as was set out in the Work Restriction Evaluation Form. Mr. Atkinson's argument appears to be that because the agency wrongfully requested this additional information, it is not material that he delayed in providing it to the agency.

We confirm the Board's holding that none of that two-week period of delay in providing the form constituted a suspension by the agency, actual or constructive. The agency acted promptly when Mr. Atkinson filed this form, apparently on September 14, obtained a physician's review, and notified him on September 15 that he could return to work immediately. The Board's finding that his absence from work between August 30 and September 14 was a voluntary action is supported by substantial evidence and is in accordance with law. We also confirm the Board's holding that even if the agency should have returned him to work on August 23, there is no appealable action because the period from August 23 to August 30 is well below the fourteen day jurisdictional requirement.

**850**

We have carefully considered all of the arguments, and conclude that the Board correctly held that the jurisdictional requirement of at least fourteen days of actual or constructive suspension was not met.

No costs.