DYK, Circuit Judge.
I concur in the result reached by the majority but on different grounds. Contrary to the majority, I think that the Board’s finding that petitioner voluntarily initiated the indefinite medical leave is supported by substantial evidence. However, I conclude that, if the Board’s finding is not sustained, we must reverse.
“[IJndefmite enforced leave is tantamount to depriving the worker of his job— without any review other than by the agency — until the agency itself changes its mind and decides that he can perform his job.” Pittman v. Merit Sys. Prot. Bd., 832 F.2d 598, 600 (Fed.Cir.1987). The agency’s action in such a situation is a constructive suspension appealable to the Board.
The Board has created a limited exception to the rule that forced leave is equal to a constructive suspension. We approved that exception in Perez v. Merit Systems Protection Board, 931 F.2d 853 (Fed.Cir.1991). But, contrary to the majority, the Perez exception does not apply here. In Perez, the employee voluntarily requested sick leave and refused to return to work. Id. at 854. The agency demanded medical evidence to justify the sick leave, and in the absence of such documents deemed Perez to be absent without leave. The Board held, and we agreed, that there was no constructive suspension. Perez holds only that there is no constructive suspension when an employee voluntarily initiates indefinite sick leave.
According to the majority’s own view of the facts, however, this case is not like Perez. The majority concludes that the petitioner here never requested indefinite leave, but was placed on enforced unpaid leave by the agency because she refused to submit medical documentation. The *442 majority nonetheless holds that there is no constructive suspension because “Alston herself was responsible for failing to provide the necessary medical documentation and, therefore, is considered to have initiated this period of unpaid leave.” Ante at -. That is, according to the majority, Alston “voluntarily” initiated leave by refusing to satisfy the agency’s demands for documentation. In my view, nothing in Perez, or any other case, suggests that an agency can escape Board review of a constructive suspension by involuntarily placing an employee on indefinite leave without pay for failing to produce medical documentation. I am unable to agree with the majority that an agency has such authority with respect to its employees.[1]
For these reasons, I concur in the judgment only.

. I agree with the majority that there was no constructive suspension before May 18, 2000, because Alston was on paid leave. However, I do not think an initial period of paid leave affects the reviewability of a subsequent period of enforced unpaid leave.