NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3341

NICHOLAS S. TROBOVIC,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

GENERAL SERVICES ADMINISTRATION,

Intervenor.

Nicholas S. Trobovic, of Berwyn, Pennsylvania, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3341

NICHOLAS S. TROBOVIC,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

GENERAL SERVICES ADMINISTRATION,

Intervenor.

_____

DECIDED: May 4, 2007

_____

ON PETITION FOR REHEARING

Before BRYSON, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Petitioner Nicholas Trobovic petitions for rehearing of the portion of our initial decision in which we held that Mr. Trobovic failed to establish that the Merit Systems Protection Board had jurisdiction over an alleged constructive suspension arising from his placement and maintenance on nonpay status.

In his petition for rehearing, Mr. Trobovic informs us that on December 7, 2005, the Office of Workers' Compensation Programs determined that Mr. Trobovic was compensably injured. That information was not before the Board when it closed the record. But even assuming that Mr. Trobovic's representation is accurate and that it is open for us to consider, it does not establish that the GSA involuntarily suspended Mr. Trobovic by placing him on nonpay status.

In Holloway v. U.S. Postal Serv., 993 F.2d 219, 221–22 (Fed. Cir. 1993), and Perez v. Merit Sys. Prot. Bd., 931 F.2d 853, 854 (Fed. Cir. 1991), we held that a government agency does not involuntarily suspend an absentee employee by placing the employee on nonpay status pending satisfactory medical documentation of his inability to work. For purposes of that rule, the agency must be reasonable in finding the employee's medical documentation to be unconvincing. But an agency may reasonably reach that conclusion even if another governmental body, such as the Office of Workers' Compensation Programs, finds the same medical documentation sufficient to warrant compensation. Mr. Trobovic's allegations before the Board and his doctor's report contain only general, conclusory statements about Mr. Trobovic's injury and the resulting limitations on his ability to perform his duties. The GSA did not act unreasonably in refusing to find that medical documentation sufficient to excuse Mr. Trobovic's absence from work. The rule of Holloway and Perez thus applies. Accordingly, we deny the petition for rehearing and reaffirm our holding that Mr. Trobovic was not involuntarily suspended when the GSA placed him on nonpay status.