NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RHODERICK D. HALL,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2012-3063

---

Petition for review of the Merit Systems Protection Board in case no. AT0752110116-I-1.

---

Decided: August 14, 2012

---

RHODERICK D. HALL, pro se, of Temple, Georgia, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

RENEE A. GERBER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, and FRANKLIN E. WHITE, JR. Assistant Director.

_____

Before PROST, O'MALLEY, and REYNA, *Circuit Judges*.

PER CURIAM.

Rhoderick D. Hall appeals the final order of the Merit Systems Protection Board ("Board") denying his petition for review of the Administrative Judge's ("AJ") dismissal of his constructive suspension claim for lack of jurisdiction. *Hall v. U.S. Postal Serv.*, 2011 MSPB LEXIS 6160 (Nov. 7, 2011) ("Final Order"); *Hall v. U.S. Postal Serv.*, 2011 MSPB LEXIS 1150 (Feb. 21, 2011) ("Initial Decision"). For the reasons explained below, we *affirm*.

## BACKGROUND

Mr. Hall, a preference-eligible veteran, is employed by the United States Postal Service ("USPS") as a Maintenance Mechanic at the Network Distribution Center in Atlanta, Georgia. Mr. Hall was absent from his position starting on June 13, 2009, until February 1, 2011. Mr. Hall was initially absent due to symptoms of a depressive disorder, which he claimed was due to emotional injury on the job from failing his promotion board. In July 2009, Mr. Hall and his supervisor, Joseph Jose, met to discuss his return to work. Mr. Hall and Mr. Jose disagree about what was discussed during the meeting. According to Mr. Jose, Mr. Hall informed him that he could not return to

full duties due to a back injury. Mr. Jose directed Mr. Hall to have a health care provider fill out a Duty Status Report explaining his physical limitations. Mr. Hall states that he did not mention his back injury during the meeting and that he had no physical limitations at the time that impeded his job performance. He contends that Mr. Jose gave him blank forms and told him that he could not return until he completed them.

On August 14, 2009, Janet Williams, a Clinical Nurse Specialist with the Department of Veterans Affairs, signed a statement that Mr. Hall had been seen as an outpatient at the VA mental health clinic since June 13, 2009, and that he was not expected to be able to return to work until September 1, 2009. Following the meeting with Mr. Jose in July, Mr. Hall made three requests for Temporary Light Duty assignment, in August 2009, October 2009, and May 2010. In each of these requests, Mr. Hall claimed that his permanent, military service-connected back injuries limited his ability to lift or carry weight, stand, walk, kneel, bend, or stoop at one time and throughout the day. Each of these requests was denied because, according to the denials, USPS "carefully and thoroughly surveyed available work assignments and cannot at this time provide [Mr. Hall] with work within [his] medical restrictions." On January 31, 2011, USPS sent Mr. Hall a letter allowing him to report to duty on February 1 based on a letter from his chiropractor documenting that he had recovered and could work without any medical restrictions.

The present case arises from an appeal that Mr. Hall filed with the Board on October 26, 2010, alleging that he was placed on enforced leave from April 15, 2010, until February 1, 2011. Mr. Hall previously had filed with the Board two claims of constructive suspension that together covered the period prior to April 15, 2010, each of which

was dismissed by the Board for lack of jurisdiction. Mr. Hall did not file a petition for review or appeal to this court in either case. The AJ applied the doctrine of res judicata to preclude Mr. Hall from making any claims relating to the period before April 15, 2010, based on his prior claims.[1]

On February 17, 2011, the AJ held a jurisdictional hearing and received evidence from Mr. Hall and USPS, including testimony from Mr. Hall and his supervisors at USPS. In his decision dated February 23, 2011, the AJ determined that Mr. Hall failed to meet his burden of proof of establishing jurisdiction because the evidence established that he, rather than the agency, initiated his absence from work. *Initial Decision* at \*12-15. The AJ did not credit Mr. Hall's testimony that he was ready, willing, and able to work, and that he did not initiate his absence, for several reasons. First, the AJ explained that the light duty requests indicating that Mr. Hall suffered from permanent physical restrictions contradicted Mr. Hall's testimony that he suffered from no restrictions. *Id.* at \*7. Second, the AJ explained that "[i]t makes little sense that [Mr. Hall] would request light duty and claim the need for a reasonable accommodation if he lacked physical medical restrictions." *Id.* Finally, the AJ explained that the application of res judicata based on Mr. Hall's prior claims precluded Mr. Hall from disputing that he told his supervisor that he could not fully perform his job because of his physical restrictions. *Id.*

Mr. Hall appealed to the Board, which denied his petition for review on November 7, 2011. The Board agreed

---

[1]    Although the AJ characterized this as res judicata, it is more accurately described as collateral estoppel, as the Board noted in its informal brief. Resp't's Br. 7-10. Mr. Hall, however, has not raised this issue on appeal.

with the AJ's view of the evidence and declined to overturn the AJ's fact finding. *Final Order* at \*2-3. The Board also noted that Mr. Hall had provided no evidence that he identified any accommodation that would have enabled him to perform the duties of his position. *Id.* at \*4. Mr. Hall timely filed this appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

Our standard of review in an appeal from the Board is limited by statute. 5 U.S.C. § 7703(c); *see Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1321 (Fed. Cir. 1999); *O'Neill v. Office of Pers. Mgmt.*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006). Whether the Board has jurisdiction over an appeal is a question of law, which we review *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). This court is bound by the AJ's factual findings on which a jurisdictional determination is based unless those findings are not supported by substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The AJ's evaluation of witness credibility is within the discretion of the AJ and such evaluations are "virtually unreviewable" on appeal. *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998).

DISCUSSION

To establish jurisdiction in a constructive suspension case, the claimant bears the burden of proving by a preponderance of the evidence that his absence from work was involuntary. *Garcia v. Dep't of Homeland Security*,

437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see also* 5 C.F.R. § 1201.56(a)(2)(i). There are two situations in which the Board may exercise jurisdiction over a constructive suspension claim. The first is when an agency places an employee on enforced leave for more than fourteen days pending an inquiry into his ability to perform, and the agency initiates the absence. *Johnson v. U.S. Postal Serv.*, 85 M.S.P.R. 184, 187 (2000). The second is when an employee is absent from work for medical reasons and requests to return to work with altered duties, but the agency denies the request even though it is obligated to offer the employee available light-duty work. *Id.* Although an agency is required to offer available light-duty work, an agency is under no obligation to create a new position in order to provide reasonable accommodation for medical restrictions. *Gonzalez-Acosta v. Dep't of Veterans Affairs*, 113 M.S.P.R. 277, 282-83 (2010).

Substantial evidence supports the AJ's finding that Mr. Hall initiated his absence. Mr. Hall submitted three different Temporary Light Duty Requests and Duty Status Reports showing that he had physical restrictions and requesting light-duty assignments on the basis of those restrictions. The AJ found that these documents were more persuasive than Mr. Hall's statements that he had no physical restrictions. *Initial Decision* at *7. Mr. Hall asserts that the witnesses relied upon by the AJ – Mr. Hall's supervisors Mr. Jose and Wayne Wilkerson – provided false testimony. That challenge, however, concerns the AJ's determinations of credibility, which are within the AJ's discretion. *See King*, 133 F.3d at 1453. Additionally, the fact that Mr. Hall was allowed to return to work promptly after submitting documentation from his chiropractor supports the finding the Mr. Hall initiated his own absence by failing to provide that documen-

tation in response to earlier requests. An employee's failure to provide satisfactory medical documentation does not constitute a constructive suspension. *See Perez v. Merit Sys. Prot. Bd.*, 931 F.2d 853, 855 (Fed. Cir. 1991). That USPS offered Mr. Hall the choice between not working and requesting leave, or providing medical documentation and returning to work, does not mean that Mr. Hall's absence was involuntary. *Moon v. Dep't of the Army*, 63 M.S.P.R. 412, 419 (1994).

There is also substantial evidence in the record to support the Board's finding that USPS did not constructively suspend Mr. Hall because there was no light-duty work available to accommodate Mr. Hall's physical restrictions. As USPS stated in its responses to Mr. Hall's Temporary Light Duty Request forms, the agency "carefully and thoroughly surveyed available work assignments" and could not provide Mr. Hall with "work within [his] medical restrictions." Mr. Hall argues that the information about the physical restrictions in his Temporary Light Duty Requests is exaggerated and incorrect and that he had no physical restrictions. The AJ, however, made a credibility determination and believed the agency's evidence over Mr. Hall's testimony. This is within the AJ's discretion. *See King*, 133 F.3d at 1453. There is no evidence in the record, moreover, indicating that Mr. Hall identified an accommodation that would allow him to perform his job under his then-stated physical restrictions. The Board correctly noted that there was no obligation for USPS to create a new job in order to accommodate Mr. Hall's physical restrictions. *Final Order* at *4-5. Mr. Hall has not shown that the AJ's decision was arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence such that we may reverse the Board's decision. 5 U.S.C. § 7703(c).

CONCLUSION

We have considered Mr. Hall's arguments and found them unpersuasive. The Board's decision is *affirmed*.

**AFFIRMED**

COSTS

Each party shall bear its own costs.