NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEITH ANDREW FIELDS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2013-3132

---

Petition for review of the Merit Systems Protection Board in No. PH0752090568-B-2.

---

Decided: November 8, 2013

---

KEITH ANDREW FIELDS, of Marion, North Carolina, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington,

DC, for respondent.  With her on the brief was BRYAN G. POLISUK, General Counsel.

KATY M. BARTELMA, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for intervenor.  With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Keith A. Fields appeals from the decision of the Merit Systems Protection Board (Board) dismissing his appeal of a constructive suspension claim for lack of jurisdiction. For the reasons stated below, we *affirm*.

### BACKGROUND

In 2007, the United States Postal Service (Postal Service) placed Mr. Fields on off-duty status without pay from his position as a mail processing clerk.  Mr. Fields filed a grievance, and the parties settled in arbitration in 2008.  Pursuant to the settlement agreement, the Postal Service sent Mr. Fields a letter instructing him either to return to duty with documentation to substantiate his absence, or provide current medical documentation explaining why he could not return.  The letter stated that failure to comply would result in Mr. Fields being considered absent without leave (AWOL).  Mr. Fields did not return to duty and did not provide the requested documentation.  Throughout 2008 and 2009, in two live meetings and via additional letters, the Postal Service again requested updated information.  No response to these requests appears in the record.

In 2009, because he continued to fail to report to work, the Postal Service proposed to charge Mr. Fields with AWOL status. In response, Mr. Fields' union representative provided medical documents dated September 2007. The Postal Service rejected those documents as outdated because the absences at issue began in mid-2008, and it removed Mr. Fields from his position. After his removal, Mr. Fields provided a letter from a physician dated June 23, 2009. That letter described Mr. Fields' medical state, but it did not address why he had been continually absent from work, as the Postal Service requested. The Postal Service maintained the removal.

Mr. Fields appealed to the Board, arguing that the Postal Service constructively suspended him by involuntarily removing him from duty for more than fourteen days without pay. The Administrative Judge (AJ) found that Mr. Fields had not proven by a preponderance of the evidence that the Board had jurisdiction over the constructive suspension claim and dismissed the appeal. *See Fields v. U.S. Postal Serv.*, No. PH-0752-09-0568-B-2, slip op. at 7 (M.S.P.B. July 5, 2012) (*Initial Decision*). Specifically, the AJ found that the Postal Service's request for updated medical information was reasonable, and that Mr. Fields undisputedly failed to comply, making his absence voluntary. *Id.* at 7–8. The AJ also dismissed Mr. Fields' separate allegation of employment discrimination because jurisdiction over that claim depended on having jurisdiction over the constructive suspension claim. *Id.* at 9–10.

Mr. Fields petitioned the Board for review. The Board agreed with the AJ that Mr. Fields failed to establish jurisdiction by a preponderance of the evidence and affirmed. *See Fields v. U.S. Postal Serv.*, No. PH-0752-09-0568-B-2, slip op. at 2–3 (M.S.P.B. May 16, 2013). It rejected Mr. Fields' argument that the Postal Service had an obligation to obtain a medical examination for him because he had not filed the requests necessary to trigger

that obligation. *Id.* at 2. Mr. Fields appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Whether the Board has jurisdiction over an appeal is a question of law that we review *de novo*. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). We review the Board's factual findings underlying jurisdiction for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The claimant must prove that the Board has jurisdiction over a constructive suspension claim by a preponderance of the evidence, which requires establishing that his absence from work was involuntary and due to agency action. 5 C.F.R. 1201.56(2)(i); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). The Board lacks jurisdiction over a discrimination claim unless it is alleged along with another claim over which the Board has jurisdiction. *Garcia*, 473 F.3d at 1342–43.

Mr. Fields argues that the Board had jurisdiction over his constructive suspension claim. He argues that the Postal Service ordered him off premises and did not allow him to return, necessarily making his absence involuntary. He argues that he informed the Postal Service that he was ready, willing, and able to work in a limited duty capacity with certain accommodations, which the Postal Service allegedly refused. He also argues that we should remand his case to the Board for adjudication of his employment discrimination claim.

We agree with the government that the Board lacked jurisdiction over Mr. Fields' constructive suspension claim. Where a claimant "failed to comply in a timely fashion with repeated instructions to return to work or submit additional documentation," it was the claimant's "choice, not the agency's, to remain away from work." *Perez v. Merit Sys. Prot. Bd.*, 931 F.2d 853, 855 (Fed. Cir. 1991). Under those circumstances, there is "not a con-

structive suspension or other agency action appealable to the [Board]." *Id.*

We agree with the government that substantial evidence supports that Mr. Fields failed to timely comply with the Postal Service's requests. There is no dispute that the only document timely provided to the Postal Service was a September 2007 medical record. As the Board found, however, the Postal Service reasonably rejected this document as out of date because Mr. Fields was required to substantiate absences that began not until mid-2008. *See Initial Decision*, at 7. Mr. Fields submitted the June 23, 2009 physician's letter only after his removal, and that letter did not indicate that Mr. Fields had been unable to report to work due to a medical condition.

Mr. Fields' argument that he could not have been voluntarily absent because the Postal Service ordered him off the premises fails. Mr. Fields was ordered off-duty in 2007, and those events were the subject of a separate grievance, which Mr. Fields settled in arbitration. The constructive suspension claim stems from his absences after settlement—at which time the Postal Service expressly instructed Mr. Fields to return to duty.

We agree with the Board that Mr. Fields did not prove by a preponderance of the evidence that his absence from duty was involuntary, and affirm the Board's dismissal. Because the Board's jurisdiction over Mr. Fields' employment discrimination claim depended on having jurisdiction over his constructive suspension claim, we also affirm the dismissal of that claim.

## CONCLUSION

We have considered the remainder of Mr. Fields' arguments and do not find them to be persuasive.

**AFFIRMED**

COSTS

Each party shall bear its own costs.