## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIMMY WALKER,
                    Appellant,

          v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
AT-1221-14-0005-W-1

DATE: September 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jimmy Walker, Glennville, Georgia, pro se.

Asmaa Abdul-Haqq, Fort Stewart, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant filed an individual right of action (IRA) appeal with the Board after receiving written notification from the Office of Special Counsel (OSC) that OSC terminated its investigation of the appellant's allegations of prohibited personnel practices under 5 U.S.C. § 2302(b)(12).  Initial Appeal File (IAF), Tab 1 at 5, 27-30.  The appellant alleged that, effective January 31, 2011, the agency subjected him to several performance-based actions, including an official written reprimand, a poor performance rating, and a reassignment to a nonsupervisory position, without proper process or procedures.  *Id*. at 3-5.  The administrative judge issued an order to show cause why the appeal was within the Board's IRA jurisdiction, because the initial appeal identified no protected whistleblowing disclosure made by the appellant.  IAF, Tab 3.  In his response, the appellant stated that his filing with OSC was not based on whistleblowing; rather, he argued that some of the issues he raised in his February 15, 2011 grievance regarding the January 31, 2011 agency actions could be "arguably perceived as reason to retaliate," and that he was "blowing the whistle on what

[he] believe[s] to be a prohibited practice." IAF, Tab 6 at 4. He further asserted that the challenged actions could have been taken in retaliation for participating in an equal employment opportunity (EEO) case based on sex discrimination, *id*., and he alleged that the agency committed harmful procedural errors in taking these actions, *id*. at 4-6. The administrative judge dismissed the appeal based on the parties' written submissions, finding that none of the appellant's filings before the Board or OSC identified a protected whistleblowing disclosure, and thus the Board lacks IRA jurisdiction. IAF, Tab 8, Initial Decision (ID) at 2-3. In addition, the administrative judge found that the alleged personnel actions are not directly appealable to the Board and the alleged prohibited personnel practices claim is not reviewable absent an otherwise appealable action. ID at 3-4; *see* IAF, Tab 6 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3      The appellant argues that the Board has jurisdiction over his appeal. Petition for Review (PFR) File, Tab 1. The Board has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation. *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991). Appealable actions under 5 U.S.C. chapter 75 include: a removal; a suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less. 5 U.S.C. §§ 7512, 7513(d). In addition, a reduction in grade or removal for unacceptable performance may be appealable to the Board under 5 U.S.C. § 4303. Allegations of prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980).

¶4      The appellant has failed to make a nonfrivolous allegation of Board jurisdiction. He filed a prohibited personnel practices complaint with OSC alleging that he was subject to a poor performance evaluation, official reprimand, and reassignment, and reiterated these claims on review. IAF, Tab 1 at 15-17;

PFR File, Tab 1 at 2. Although the alleged actions may constitute "personnel actions" under 5 U.S.C. § 2302(a)(2)(A) for the purposes of evaluating prohibited personnel practices under 5 U.S.C. § 2302(b), such practices are not independently reviewable by the Board absent otherwise appealable actions. *See Wren*, 2 M.S.P.R. at 2. The appellant has made no allegation that he has experienced a reduction in grade or pay as part of the reassignment, or that he was suspended for any period of time or removed from his position. Thus, the appellant has alleged no basis for Board appellate jurisdiction under 5 U.S.C chapters 43 or 75. *See* 5 U.S.C. §§ 4303(a), 7512-13.

¶5    The appellant also has failed to show error in the administrative judge's finding that the Board lacks jurisdiction over the appellant's claims as an IRA appeal. *See* 5 U.S.C. § 1221(a). The Board has jurisdiction over an IRA appeal concerning whistleblower reprisal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The appellant has admitted in his pleadings that he has made no protected disclosure and he has not alleged that the alleged personnel actions were taken in retaliation for any whistleblowing activity. IAF, Tab 6 at 4; PFR File, Tab 1 at 4-5.

¶6    The appellant's initial appeal included a vague assertion that the challenged personnel actions could have been taken in retaliation for his participation in an EEO case based on sex discrimination. IAF, Tab 6 at 4. However, he clarified in his petition for review that "the facts relevant to this case [are] that an employee made a frivolous complaint of gender discrimination or harassment against [him,] and the agency, through its own informal AR 15-6 investigation, found that there was no substance to the complaint." PFR, Tab 1 at 9. The appellant then asserted that despite the results of the investigation, "the agency head still contemplated,

by overt means, to charge [him] with charges unrelated to the employee's initial complaint and imposed cumulative punishment against" the appellant. *Id.* To the extent that the appellant still asserts retaliation for participation in an EEO sex discrimination complaint, we note that the Whistleblower Protection Enhancement Act of 2012 (WPEA), which gives an employee the right to seek corrective action before the Board for personnel actions taken against the employee because of "testifying for or otherwise lawfully assisting any individual" in the exercise of a right, does not change the result. 5 U.S.C. §§ 1221(a), 2302(b)(9)(B). The Board held in *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 13 (2014), that retroactive application of section 101(b)(1)(A) of the WPEA, as it pertains to the prohibited personnel practice set forth at 5 U.S.C. § 2302(b)(9)(B), is impermissible because it would increase a party's liability for past conduct as compared to pre-WPEA liability. As in *Hooker*, the applicable WPEA amendments do not apply to this case, regardless of a lack of clear evidence in the record of whether the appellant's described activity constitutes "testifying for or otherwise lawfully assisting" a complainant in an EEO investigation. *See id.*, ¶ 10. The personnel actions challenged by the appellant occurred in 2011, prior to the enactment of the WPEA, IAF, Tab 1 at 9-11, and thus, the Board lacks jurisdiction over the appellant's 5 U.S.C. § 2302(b)(9)(B) claims as an IRA appeal, *see Hooker*, 120 M.S.P.R. 629, ¶ 15.

¶7        Therefore, we find that the appellant has not made a nonfrivolous allegation that the Board has appellate jurisdiction over his claims or has jurisdiction as an IRA appeal. The appellant admits that he has made no protected disclosure, and thus, he has failed to make a nonfrivolous allegation of Board jurisdiction over the IRA appeal. Finally, we note that throughout his appeal and OSC complaint, the appellant has sought a determination of "whether the agency's investigation and personnel actions violated a law, rule, or regulation" related to the merit system principles. PFR File, Tab 1 at 8; IAF, Tab 1 at 5, 17. The appellant has essentially requested an advisory opinion, which the Board is statutorily

precluded from issuing, and so we cannot grant his request.  5 U.S.C. § 1204(h); *see Murray v. Department of Defense*, 92 M.S.P.R. 361, ¶ 12 (2002).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under  5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                                                       William D. Spencer
                                                       Clerk of the Board

Washington, D.C.