# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

OTIS THORNE,
> Appellant,

v.

DEPARTMENT OF DEFENSE,
> Agency.

DOCKET NUMBER
DC-3443-16-0089-I-1

DATE: September 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Otis Thorne, District Heights, Maryland, pro se.

Doug Choi and Emily Shilts, Fort Belvoir, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On September 13, 2015, the appellant, a GS-5 Nursing Assistant, was contacted by his supervisor and told that his superiors had determined that, due to an agency investigation, he would be placed on administrative leave and was not to report to work. His supervisor explained that the appellant would receive further instruction, Initial Appeal File (IAF), Tab 1 at 2, Tab 4 at 2, 4-6, although the agency's subsequent attempts to reach the appellant were unsuccessful, IAF, Tab 10 at 10-11. On September 21, 2015, the agency sent him a certified letter officially notifying him that he was authorized and directed to use administrative leave beginning September 13, 2015, and continuing until further notice "to minimize any adverse effect on workplace production and discipline due to [his] recent conduct."[2] *Id.* at 12. The appellant was advised that, during this period of administrative leave, he must be available to meet with agency officials as required and must contact his supervisor on regular duty days, that he could request leave, and that his failure to follow these instructions could result in formal disciplinary action. *Id.* The certified letter was returned as "unclaimed." IAF, Tab 10 at 14. On October 5, 2015, the agency sent the appellant another certified letter ordering him to return to duty by October 16, 2015. *Id.* at 16. The

---

[2] According to the agency, it had received a complaint that the appellant had sexually assaulted an active duty United States Navy sailor. IAF, Tab 10 at 10.

agency explained that the appellant had stopped communicating with his supervisors, failing to "follow the process of accountability," and that he had not requested leave or provided any documents concerning his continued absence. Therefore, he was advised that he had been placed in an absence without leave (AWOL) status, and that his failure to return to duty by October 16, 2015, or to comply with the requirements of the letter, may result in disciplinary action. *Id.* at 17. That letter too was returned as "unclaimed." *Id.* at 18. The appellant's timecards were marked AWOL beginning on October 17, 2015. *Id.* at 20.

¶3    On appeal, the appellant challenged the agency's action placing him on administrative leave, and he claimed the action was retaliation for whistleblowing. IAF, Tab 1. He requested a hearing. *Id.* at 2. The administrative judge advised the appellant of what he needed to allege to establish the Board's jurisdiction over a claim of retaliation for whistleblowing as an individual right of action (IRA) appeal. IAF, Tab 3. The agency moved that the appeal be dismissed for lack of jurisdiction. IAF, Tab 8. During a status conference, the appellant alleged that he had been suspended without pay since September 2015 and had not received notice of the suspension. IAF, Tab 9. The administrative judge then issued an order on jurisdiction and proof requirements for constructive suspensions. IAF, Tab 11. In response, the appellant indicated that he was "still looking" for the "paper" from the Office of Special Counsel, and he submitted a copy of a January 22, 2016 letter from the agency authorizing and directing him to use administrative leave beginning that date and continuing until further notice, and again reminding him of the requirements for such leave.[3] IAF, Tab 12.

¶4    In his initial decision based on the written record, the administrative judge found that the appellant failed to establish Board jurisdiction over his

---

[3] According to the agency, the appellant has continued not to comply with the requirements it set out for the granting of administrative leave, and he therefore remains on AWOL status. Petition for Review File, Tab 3 at 10.

constructive suspension appeal because he failed to prove that his absence was involuntary.[4]  IAF, Tab 15, Initial Decision (ID) at 3-4.  The administrative judge further found that the appellant failed to establish Board jurisdiction over his whistleblower retaliation claim because he failed to demonstrate that he exhausted his remedy before OSC and did not make nonfrivolous allegations that he made a protected disclosure.[5]  ID at 5‑6.

¶5        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded, PFR File, Tabs 3‑4, and the appellant has replied thereto, PFR File, Tab 5.

¶6        The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996) (Table).   However, the Board has recognized that employee‑initiated actions that appear voluntary on their face are not always so, and that the Board may have jurisdiction over such actions including involuntary leave of absences under 5 U.S.C. chapter 75 as "constructive" adverse actions.  In *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013), the Board recognized two types of suspensions:   involuntary leave constructive suspensions where the employee is forced by an improper agency action to take leave, and enforced leave suspensions where the agency places the employee on leave pending an inquiry.   *See Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (clarifying that placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension).   Neither of these types of suspensions applies to this situation.  To the extent the appellant was forced to take sick or annual leave, it was only for 48 hours during the pay period ending

---

[4] We construe as inadvertent errors the administrative judge's statements that the appellant cannot prove by preponderant evidence that "his absence was not involuntary" and that his constructive suspension claim "lacks merit and must be DENIED."  ID at 4.

[5] We also construe as an inadvertent error the administrative judge's statement that the appellant's whistleblowing claim "must be DENIED."  ID at 6.

on October 3, 2015, IAF, Tab 10 at 20, well less than the 15 days required to establish Board jurisdiction.  Prior to that, he was on administrative leave, a paid status.  *Id*.; *see Lamell v. Armed Forces Retirement Home*, 104 M.S.P.R. 413, ¶ 7 (2007).  Beginning on October 17, 2015, he was on AWOL because he failed to comply with the agency's repeated instructions to remain at his home, yet keep in regular contact with his supervisor, and be available to meet with agency officials, if directed to do so.  The appellant's failure to comply with these instructions was his choice, not the agency's.  Had he complied, he would have remained in a paid duty status, albeit at his home, pending resolution of the agency's investigation into his conduct.  Under these circumstances, we find that the appellant's placement on AWOL is not a constructive suspension or other agency action appealable to the Board, *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991), and the administrative judge properly dismissed the alleged constructive suspension appeal for lack of jurisdiction.[6]

¶7　　　On review, the appellant argues that he was denied a hearing.  PFR File, Tab 1 at 3.  The administrative judge properly advised him that a hearing would be convened only if he made nonfrivolous allegations that he was suspended for more than 14 days.  IAF, Tab 10.  However, the appellant failed to nonfrivolously allege that he was constructively suspended or suspended at all.  Therefore, we find that the administrative judge did not abuse his discretion in deciding this case on the written record.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

---

[6] The appellant does not challenge on review the administrative judge's finding that he failed to establish the Board's jurisdiction over his IRA appeal, PFR File, Tab 5 at 7, and we find no basis to disturb the administrative judge's finding.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other

courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.