## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EVELIA SOSA,
                    Appellant,

            v.

DEPARTMENT OF AGRICULTURE,
                    Agency.

DOCKET NUMBER
DC-3443-15-0031-I-1

DATE: April 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Evelia Sosa, Olney, Maryland, pro se.

Sarah S. Tuck, Riverdale, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant, a GS-14 Agriculturalist, filed this appeal, alleging discrimination by senior management officials who denied her right to compete for certain positions at the agency over a 10-year period because of her age and place of origin. Initial Appeal File (IAF), Tab 1 at 1, 4-6. The appellant alleged that she was unable to return to her old position after volunteering for a temporary duty assignment, and that the agency improperly used subjective criteria in personnel selections. *Id*. at 5-6. In a jurisdictional order, the administrative judge notified the appellant that she had the burden of proving that the Board has jurisdiction over her appeal by preponderant evidence, and that the Board lacks jurisdiction over a claim of discrimination or other prohibited personnel practices in the context of a nonselection absent an otherwise appealable action. IAF, Tab 3 at 1-3. In addition to repeating her allegations of improper hiring practices and discrimination, the appellant responded that the agency had retaliated against her because she had "chosen to comment and raise issues professionally on matters" of policy and procedure. IAF, Tab 5 at 4-12. She alleged that the agency's actions "under the guise of reorganization and

selection" amounted to a "defacto [*sic*] constructive demotion." *Id*. at 4. The appellant argued that the agency had effectively removed her from a position she held for over 10 years "through the ruse of announcing a temporary assignment" and failed to identify her role at the end of her temporary duty when the agency placed another employee in her prior position. *Id*. at 4-5. The agency responded that the appellant had not made a claim of constructive demotion within the Board's jurisdiction, as she did not allege that she was reassigned from a position that was later reclassified upward. IAF, Tab 6 at 4-5. The agency further argued that the remaining contested actions were not independently appealable to the Board, and that the record lacked any evidence that the appellant had filed a whistleblower reprisal claim with the Office of Special Counsel (OSC). *Id*. at 5.

¶3      In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). The administrative judge found that, despite notice in his jurisdictional order that the Board generally lacks jurisdiction to consider the type of complaints alleged in the initial appeal, the appellant had failed to address the pertinent jurisdictional issue in her response. ID at 3. The initial decision noted that the Board's constructive demotion doctrine is strictly defined and narrow, and that the appellant had failed to allege facts that would support a finding of constructive demotion or a reassignment constituting a reduction in pay or grade. ID at 4-6. Finally, the administrative judge found that the Board lacks jurisdiction over the appellant's allegations of discrimination and prohibited personnel practices absent an otherwise appealable action. ID at 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      On review, the appellant argues that the administrative judge failed to understand the complexity of her claim, relied on erroneous facts presented by the agency, and confused the circumstances of her Board appeal with that of her colleague. Petition for Review (PFR) File, Tab 1 at 4. The appellant alleges that

the administrative judge "failed to require the agency to clarify" its personnel action and identify her current assigned position.[2] *Id*. at 4-5. Regarding her alleged constructive demotion claim, the appellant argues that the administrative judge failed to recognize the agency's demotion of her "professional status in retaliation for speaking out" against agency actions and policy violations. *Id*. at 5. She maintains that the Board is the "appropriate forum" in which to raise her complaints regarding subjective hiring criteria and other violations of the merit system principles. *Id*. at 6. The appellant refers to the list of actions laid out in 5 C.F.R. § 1201.3 over which the Board has appellate jurisdiction, and she seems to argue that her case involves a negative suitability determination and a denial of within grade pay increase. *See* PFR File, Tab 1 at 7. The appellant asserts on review that she is "not seeking protection" as an individual right of action (IRA) appeal, and she maintains that she was subject to a personnel action directly appealable to the Board. *Id*.

¶5      The agency responds that the petition for review fails to identify any specific error of material fact in the initial decision and that the appellant has not alleged any actions independently reviewable by the Board. PFR File, Tab 3 at 4-6. The agency argues that the appellant cannot pursue an IRA appeal at this time because she has not first exhausted her remedies with OSC and she has not been subjected to an otherwise appealable action. *Id*. at 4-5. The appellant replies that her alleged detail or transfer was an appealable constructive demotion despite no official change of her grade on a Standard Form 50. PFR File, Tab 5 at 5, 11. She argues that the administrative judge failed to recognize that she identified prohibited personnel practices violating 5 U.S.C. § 2302 in her initial appeal, including improper hiring practices, granting unfair advantage to certain

---

[2] The appellant argues on review that discovery could demonstrate the agency's retaliation against her, PFR File, Tab 1 at 5, 7, but the record shows that she did not file any motion regarding discovery below. Moreover, the appellant has not made a compelling argument that discovery would have helped her make a nonfrivolous allegation of jurisdiction.

candidates for selection, gross mismanagement, and abuse of authority. *Id.* at 8-9. The appellant argues that she was subjected to an appealable action allowing her to raise a whistleblower reprisal case directly with the Board. *Id.* at 10.

¶6 The administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that the Board has jurisdiction over her appeal. The Board has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation. *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991). The Board's regulation at 5 C.F.R. § 1201.3 lists types of actions that may be appealed to the Board. For example, appealable actions under 5 U.S.C. chapter 75 include: a removal; a suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less. 5 U.S.C. §§ 7512, 7513(d); 5 C.F.R. § 1201.3(a)(1). In addition, a reduction in grade or removal for unacceptable performance may be appealable to the Board under 5 U.S.C. § 4303. 5 C.F.R. § 1201.3(a)(5). Despite the appellant's repeated assertions on review, *see* PFR File, Tab 5 at 8-10, allegations of prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶7 On review, the appellant quotes for the first time the regulatory terminology regarding Board jurisdiction over a denial of a within grade pay increase and suitability action under 5 C.F.R. § 1201.3(a)(8), (9). *See* PFR File, Tab 1 at 7. She has not established a reason for the Board to consider new legal arguments on these bases, *see* 5 C.F.R. § 1201.115(d), and she has failed to allege any facts regarding her own employment supporting a finding that she has been subjected to either type of action. Further, the appellant's complaints of subjective selection bias are not a source of jurisdiction. *See* PFR File, Tab 1 at 6; *see also Wren*, 2 M.S.P.R. at 2. She has alleged no facts that would reasonably raise a claim that might be within the Board's jurisdiction as an employment practices appeal. *See* 5 C.F.R. §§ 300.103-300.104, 1201.3(a)(7).

¶8        The appellant has failed to show error in the administrative judge's analysis and finding that she did not allege facts that would support a finding of constructive demotion. *See* ID at 4-6. An employee is deemed to have been subjected to an appealable constructive demotion or reduction in grade when she is reassigned from a position that is later reclassified upward due to the issuance of a new classification standard or correction of a classification error, provided that the employee meets the legal and qualification requirements for the higher-graded position, and she was permanently reassigned to a position classified at a grade level lower than the grade level to which she would otherwise have been promoted. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶¶ 7-8 (2001); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). A constructive demotion claim can succeed only if the position from which the appellant was reassigned was actually reclassified upward, and is not viable when based on allegations that the position could or should have been reclassified. *Marcheggiani*, 90 M.S.P.R. 212, ¶ 8. On review, the appellant has not alleged that she was permanently reassigned to another position or that her previous GS-14 position was reclassified upwards to a GS-15. *See* PFR File, Tab 1 at 4-5. Despite alleging that she returned from her temporary detail to an "unknown and undefined position," PFR File, Tab 5 at 12, she has not alleged that she received a change in grade or pay.

¶9        To the extent that the appellant asserts that she is a whistleblower, we find that the Board presently lacks jurisdiction over this matter as an IRA appeal. The record indicates that the appellant has not filed, and does not intend to file, a complaint of whistleblower reprisal with OSC, despite receiving notice of this jurisdictional issue in the agency's pleading on jurisdiction below. *See* IAF, Tab 6 at 5; PFR File, Tab 5 at 8-10. Thus, she has failed to exhaust her remedies with OSC as she must do before pursuing an IRA appeal with the Board. *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal

Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.