# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ADLY IBRAHIM,
           Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
           Agency.

DOCKET NUMBER
DC-3443-15-0030-I-1

DATE: April 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Adly Ibrahim</u>, Springfield, Virginia, pro se.

<u>Sarah S. Tuck</u>, Riverdale, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, a GS-13 Staff Officer, filed this appeal, alleging that the agency used improper criteria in failing to promote him on several occasions. Initial Appeal File (IAF), Tab 1 at 1, 5. He alleged discrimination by agency officials on the bases of his place of origin and age in not selecting him for several full-time and temporary duty positions. *Id*. at 5. In a supplemental statement, the appellant alleged that he had volunteered for a temporary assignment with a GS-14 position description, while receiving his GS-13 pay, but that a GS-14 employee was eventually selected for the position. IAF, Tab 2 at 7. The administrative judge issued an order to show cause, notifying the appellant that he had the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal, and that the Board lacks jurisdiction over a claim of discrimination or other prohibited personnel practices in the context of a nonselection absent an otherwise appealable action. IAF, Tab 4 at 1-3. The appellant responded that the agency's actions towards him constituted a constructive demotion, as he had performed the higher GS-14 position for approximately 1 year, but was not selected for the position permanently when the

agency selected a less-qualified individual. *See* IAF, Tab 5 at 4-14. He asserted that his constructive demotion allegation also was supported by the agency's denying him, on the basis of subjective hiring criteria, age, and place of origin, the opportunity of a temporary detail assignment to demonstrate his capabilities. *Id*. at 6. When the agency failed to file a timely response to the administrative judge's acknowledgment order, the appellant filed a request to initiate discovery. IAF, Tab 7 at 4. In response to the agency's untimely motion to dismiss for lack of jurisdiction, IAF, Tab 8 at 4-6, the appellant again alleged constructive demotion concerning the temporary duty assignment for which he was not ultimately selected, IAF, Tab 9 at 8. The appellant stated that he had filed a complaint with the Office of Special Counsel (OSC) on October 6, 2014, and therefore the Board had jurisdiction over his complaint as an individual right of action (IRA) appeal. *Id*. at 6.

¶3    In an initial decision issued on the written record, the administrative judge dismissed the appeal, finding that the appellant had not made a nonfrivolous allegation of Board jurisdiction. IAF, Tab 11, Initial Decision (ID). The administrative judge found that, despite notice in his jurisdictional order that the Board generally lacks jurisdiction to consider the type of complaints alleged in the initial appeal, the appellant had failed to address the pertinent jurisdictional issue in his responses. ID at 4. The initial decision noted that the Board's constructive demotion doctrine is strictly defined and narrow, and that the appellant had failed to allege facts that would support a finding of constructive demotion or a reassignment constituting a reduction in pay or grade. ID at 4-6. The administrative judge found that the Board lacks jurisdiction over the appellant's allegations of discrimination and prohibited personnel practices absent an otherwise appealable action. ID at 6. Finally, the administrative judge found that the appellant had not demonstrated that he exhausted his administrative remedies before OSC, as he did not allege that OSC issued a

decision regarding his complaint or that 120 days had passed since he filed his complaint.  ID at 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        On review, the appellant argues that all agency responses below should have been struck from the record as untimely without good cause shown, and that the administrative judge's failure to do so was inconsistent with required procedures.  Petition for Review (PFR) File, Tab 1 at 4.  He asserts that the initial decision contained erroneous findings of material facts because the administrative judge confused his case with that of his colleague and failed to require the agency to correct its erroneous factual statements.  *Id*. at 5.  The appellant maintains that the alleged constructive demotion was taken by the agency in retaliation for his prior protected disclosures, and that on three separate occurrences the agency reassigned him to positions classified as lower than his GS-13 grade or GS-14 positions which he actually performed.  *Id*. at 5-7.  He further explains that the agency has yet to reassign him to a "new permanent position" or duty, aside from the lower-graded clerical duties to which he is currently assigned.  *Id*. at 7.  The appellant refers to the list of actions laid out in 5 C.F.R. § 1201.3 over which the Board has appellate jurisdiction, and he seems to argue that his case involves a negative suitability determination and a denial of within grade pay increase.  *See id*. at 7-8.  Finally, the appellant reasserts that his whistleblower reprisal claim is directly appealable to the Board as an otherwise appealable action, and that he is not pursuing an IRA appeal.  *Id*. at 8.  The agency responds that the petition for review fails to address any specific errors of material fact in the initial decision, and that the appellant has not alleged any actions independently reviewable by the Board.  PFR File, Tab 3 at 4-6.

<u>The administrative judge correctly found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.</u>

¶5     The appellant has failed to show error in the administrative judge's determination that he did not allege facts that would support a finding of constructive demotion. *See* ID at 4-6. The Board has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation. *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991). The Board's regulation at 5 C.F.R. § 1201.3 lists types of actions that may be appealed to the Board. For example, appealable actions under 5 U.S.C. chapter 75 include: a removal; a suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less. 5 U.S.C. §§ 7512, 7513(d); 5 C.F.R. § 1201.3(a)(1). In addition, a reduction in grade or removal for unacceptable performance may be appealable to the Board under 5 U.S.C. § 4303. 5 C.F.R. § 1201.3(a)(5). An employee is deemed to have been subjected to an appealable constructive demotion or reduction in grade when he is reassigned from a position that is later reclassified upward due to the issuance of a new classification standard or correction of a classification error, provided that the employee meets the legal and qualification requirements for the higher-graded position, and he was permanently reassigned to a position classified at a grade level lower than the grade level to which he would otherwise have been promoted. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶¶ 7-8 (2001); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981).

¶6     On review, the appellant has disclosed that he has not been permanently assigned to another position despite a temporary assignment of lesser clerical duties, and has not alleged that he has received a permanent change in grade or pay or that his prior permanent position was reclassified upwards. *See* PFR File, Tab 1 at 5-7. The appellant has not alleged a basis for appellate Board jurisdiction under 5 U.S.C chapter 43 or 75. *See* 5 U.S.C. §§ 4303(a), 7512-13. Although the appellant quotes for the first time the regulatory terminology

regarding Board jurisdiction over a denial of within grade pay increase and suitability action under 5 C.F.R. § 1201.3(a)(8)-(9), *see* PFR, Tab 1 at 7-8, he has neither established a reason for the Board to consider these new arguments, *see* 5 C.F.R. § 1201.115(d), nor alleged any facts supporting a finding that he has been subjected to either type of action. Further, the appellant's argument that his constructive demotion resulted from subjective selection criteria is not a source of jurisdiction. *See* PFR File, Tab 1 at 7; *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). He has alleged no facts that would reasonably raise a claim that might be within the Board's jurisdiction over an appeal of an employment practice applied to him by the Office of Personnel Management. *See* 5 C.F.R. §§ 300.103-300.104, 1201.3(a)(7).

¶7        Based on the record before him, the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that the issues he raised were appealable to the Board as an IRA appeal. The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The appellant alleged that he filed a complaint with OSC on October 6, 2014, IAF, Tab 9 at 6, and thus the administrative judge correctly determined that he had not exhausted his remedies at the time the initial decision was issued, ID at 7. Although 120 days have now elapsed, and thus the appellant could elect to pursue an IRA appeal to the extent that OSC has not closed its investigation, *see* 5 U.S.C. § 1214(a)(3)(B), he asserts on review that he is not pursuing an IRA appeal, PFR File, Tab 1 at 8. Thus, we will not further consider the IRA jurisdictional issue; however, this decision does not prevent the appellant

from timely filing an IRA appeal following the exhaustion of his administrative remedies before OSC.

The administrative judge committed no procedural error that adversely affected the appellant's substantive rights.

¶8     We find that the appellant's allegations concerning the administrative judge's failure to strike the agency's untimely response to the acknowledgment order indicate no procedural error. *See* PFR File, Tab 1 at 4. We note that 5 C.F.R. § 1201.25 states the required content of an agency response, but prescribes no penalties for an untimely response. The alleged procedural error does not affect the analysis of whether the appellant has made a nonfrivolous allegation that the Board has jurisdiction over his appeal. Thus, even assuming that the administrative judge made the alleged error, such action would have no effect on the outcome of this case, and provides no basis for disturbing the initial decision. *See* 5 C.F.R. § 1201.115(c); *see also Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶9     We deny the appellant's request on review that the Board grant his "motion for discovery to prove his case." PFR File, Tab 1 at 9. The appellant has failed to show that any additional discovery would affect the jurisdictional issue in his appeal or that he has been prejudiced by deciding the jurisdictional question without additional discovery.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under [5 U.S.C. § 2302](#)(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.