**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EDITH MARSALIS,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE TREASURY,<br>　　　　　　Agency. | DOCKET NUMBER<br>CH-3443-14-0830-I-1<br><br><br>DATE: April 28, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edith Marsalis, Raytown, Missouri, pro se.

Melissa S. Luckett, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant is a seasonal tax examiner with the agency.  Initial Appeal File (IAF), Tab 1.  She appealed the agency's decision to charge her with absences without leave (AWOL) for 71 hours because she contended that she had been granted leave under the Family and Medical Leave Act of 1993 (FMLA).  *Id.*; *see* IAF, Tab 6 at 4, 8-11 (memoranda charging the appellant with AWOL).  The administrative judge ordered the appellant to present evidence and argument that her appeal was within the Board's jurisdiction.  IAF, Tab 2 at 2.  The appellant responded, claiming that the agency's actions were a prohibited personnel practice under 5 U.S.C. § 2302(b)(1), were motivated by discrimination based on her disability and retaliation, and violated the FMLA.  IAF, Tabs 1, 5.  The agency filed a motion to dismiss, asserting that the Board lacked jurisdiction because the appellant had not alleged an appealable action and because her election to file a grievance precluded her from also filing a Board appeal.  IAF, Tab 10 at 3-5.  In her initial decision, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision.  The appellant has filed a timely petition for review in which she reasserts her arguments from

below.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response. PFR File, Tab 3.

¶3 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The existence of Board jurisdiction is a threshold issue in adjudicating an appeal, and the appellant bears the burden of establishing jurisdiction by preponderant evidence.[2] *Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 5 (2008); 5 C.F.R. § 1201.56 (a)(2)(i).  In the absence of an otherwise appealable action, the Board lacks jurisdiction to hear claims of prohibited personnel practices.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶4 The Board has jurisdiction to hear claims concerning certain adverse actions taken by an agency against its employees.  5 U.S.C. § 7512.  However, the United States Court of Appeals for the Federal Circuit has held that where an employee was voluntarily absent from work the Board does not have jurisdiction over her placement in an AWOL status.  *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991).  The appellant does not contend that her absence was involuntary, and the record reflects that she requested general approval to take FMLA leave.  *See* IAF, Tab 1, Tab 6 at 3.  Accordingly, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's claim that the agency placed her in an AWOL status.  In the absence of an otherwise appealable action, the Board lacks jurisdiction to review the appellant's claims of general prohibited personnel practices, disability discrimination, and retaliation.  *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).  Additionally, because the Board does not otherwise have jurisdiction over this appeal, we do not address the appellant's claim that the

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

agency violated the FMLA.[3]  *See Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001) (although the Board adjudicates claims that an agency failed to comply with the FMLA in leave-related adverse action appeals, because the Board lacked jurisdiction over the appellant's disciplinary action claims, the Board would not address the appellant's claim that the agency violated the FMLA).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

---

[3] Because we find that the Board does not have jurisdiction over this appeal due to the absence of an appealable action, we do not address the agency's alternative argument that the appellant's election to file a grievance precludes her from filing a Board appeal. *See* IAF, Tab 10 at 4.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.