Theodore **STEPHENS**, Petitioner,

.v.

**MERIT SYSTEMS PROTECTION BOARD**, Respondent,

and

**Department of Health and Human Services**, Intervenor.

No. 92–3292.

United States Court of Appeals, Federal Circuit.

Feb. 19, 1993.

William Luke England, Jr., Brooks & England, Washington, DC, argued for petitioner. With him on the brief was Clifford A. Brooks.

Michael K. Martin, Merit Systems Protection Bd., Washington, DC, argued for respondent. With him on the brief were Mary L. Jennings and Martha B. Schneider.

Gerald M. Alexander, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for intervenor. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Peterson, Asst. Director; Sharon Y. Eubanks, of counsel. Also on the brief was Dan Edelman, Atty., Dept. of Health and Human Services, of counsel.

Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.

MICHEL, Circuit Judge.

Theodore Stephens (petitioner), an Administrative Law Judge (ALJ), appeals from a decision of the Merit Systems Protection Board (Board), which dismissed his complaint for lack of subject matter jurisdiction. *In re Stephens*, 52 M.S.P.R. 522 (1992). The Board held that it lacked jurisdiction because Stephens failed to show that the program and course of instruction which his agency required him to attend impaired his decisional independence. *Id.* at 526. Because Stephens has not shown as a matter of law on undisputed facts that the agency constructively removed him by requiring him to attend the program and course, the Board properly dismissed for lack of jurisdiction. Moreover, because Stephens has not raised any issue that can-

not be decided on the documents submitted, the Board was correct in making its determination without a hearing. We affirm.

## BACKGROUND

On July 12, 1991, Stephens, an ALJ for the Department of Health and Human Services (agency) in Philadelphia, Pennsylvania, filed a complaint with the Board alleging constructive removal by his agency. In his complaint, Stephens alleged that a program and course of instruction that his agency required him to attend infringed on his judicial independence so that the agency action constituted constructive removal.

The course of instruction at issue was designed especially for Stephens by the agency because of deficiencies the agency noticed when investigating him for other reasons.[1] The course was to be held in Falls Church, Virginia, and was part of a program generally described by the Board as follows:

> The program included a five-day period of instruction covering such subjects as agency policies with regard to prehearing review, prehearing conferences, and the conduct of hearings. One portion of the training would stress such elements as the maintenance of judicial demeanor at all times, and the need, in a decision, to weigh all evidence—particularly that which is favorable to a claimant when the claim is denied. The curriculum would also include sessions addressing due process, the role of an ALJ, perceiving stereotypes, gender bias, witness credibility, evidentiary issues, and judicial writing.
>
> In the closing portion of the program, the complainant was to preside over three hearings in the presence of the [Chief Administrative Law Judge (CALJ)]. The CALJ would then provide criticism of the complainant's performance. Upon the complainant's return to Philadelphia, there would be random monitoring of several of his hearings, as

well as random review of several of his decisions. All of his decisions would also be monitored by the Appeals Council, which would file quarterly reports of its evaluations.

*Id.* at 525.

On August 20, 1991, the agency filed a Motion to Dismiss for lack of subject matter jurisdiction. Stephens attached an affidavit to his objection to the agency's motion in which he again asserted that the program and course of instruction interfered with his judicial autonomy.

Pursuant to 5 C.F.R. § 1201.135 (1992), the Board assigned CALJ Edward J. Reidy to the case. On September 19, 1991, CALJ Reidy issued a recommended decision in which he suggested that the Motion to Dismiss be granted. On January 30, 1992, the Board affirmed the findings of fact and conclusions of law contained in the recommended decision, and adopted and incorporated the recommended decision into its final decision. Neither CALJ Reidy nor the Board held a hearing on the jurisdictional issue. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9) (1988). The scope of our review is limited by statute:

> [T]he court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
>
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence....

5 U.S.C. § 7703(c) (1988).

## ANALYSIS

 Petitioner has the burden of establishing the Board's jurisdiction. *Mad-*

---

**1.** Stephens had been the subject of an agency investigation in response to a petition filed by Community Legal Services, Inc. In its petition, Community Legal Services alleged that Stephens should be removed because he lacked judicial competence and demeanor and was biased

against disability claimants. Upon investigation, the agency concluded that the evidence did not support the allegations of bias, but that there were deficiencies in Stephens' conduct of hearings and preparation of opinions.

*dox v. Merit Sys. Protection Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985). Petitioner relies upon section 7521(a) of title 5 as the basis of Board jurisdiction in this case. That section provides:

> An action may be taken against an administrative law judge ... by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board.

5 U.S.C. § 7521(a) (1988). The actions covered by that section, however, are specifically limited to removals, suspensions, reductions in grade, reductions in pay and furloughs of 30 days or less. 5 U.S.C. § 7521(b) (1988). This court has determined, however, that constructive removals are also covered by that section. *Sannier v. Merit Sys. Protection Bd.*, 931 F.2d 856, 858 (Fed.Cir.1991). Thus, to determine whether the Board had jurisdiction over Stephens' complaint pursuant to section 7521, we must determine whether Stephens was constructively removed as a matter of law on undisputed facts.

▮ The test for determining whether an ALJ has been constructively removed is set forth in *Sannier:*

> [A]n ALJ may be constructively removed by "cumulative administrative actions or active intervention ... [which] prevent the impartial exercise of his judicial functions ... [and which have] a pernicious effect on the complaining judge's qualified independence." *In re Doyle*, 29 M.S.P.R. 170, 175 (1985). Therefore, as long as the agency actions are not *alleged* to affect the ability of the ALJ to function as an independent and impartial decision maker, they cannot trigger Board jurisdiction under section 7521.

*Id.* at 858 (emphasis added) (alterations in original).

Based on that quotation from *Sannier,* Stephens concludes that the only threshold requirement for establishing MSPB jurisdiction pursuant to section 7521 is a non-frivolous *allegation* that the agency actions have affected his impartial decision-

making ability. Stephens asserts, therefore, that because he made such an allegation, the Board does have jurisdiction, or at the least, he is entitled to a hearing on the issue of the Board's jurisdiction.

Stephens' conclusion, however, reflects an improper and incomplete reading of *Sannier.* In that case, the ALJ petitioners had made specific allegations that certain productivity targets imposed by their agency undermined their "independent adjudicative authority." *Id.* at 857. The court concluded that the allegations alone were inadequate, stating: "Even if we, as did the Board, assume *arguendo* that the agency explicitly instituted overall targets or goals for the number of appeals to be adjudicated per month, such production targets simply are not, by themselves, probative that the ALJ's impartiality or independence in a particular appeal has been or would be compromised." *Id.* at 859. "Well-pleaded allegations tying the agency actions to impairment of ... decisionmaking independence are, at minimum, necessary to establish *prima facie* Board jurisdiction." *Id.* at 858. Because the petitioners failed to allege "how or why" the productivity targets compromised their judicial independence, the court affirmed the Board's dismissal for lack of jurisdiction. *Id.* at 859.

▮ In this case, petitioner, likewise, has done no more than make an unsubstantiated allegation that the requirement that he attend a program and course impaired his decisional independence. Such a conclusory allegation without more, per *Sannier,* is not enough. Even if we accept the allegation as true, as was done in *Sannier,* the requirement that Stephens attend a program and course is "simply ... not, by [it]sel[f], probative that the ALJ's impartiality or independence in a particular appeal has been or would be compromised." *Id.* As the Board aptly stated, "the complainant's allegations are conclusory at best, and ... they do not show how the requirement that he attend the instructional program is calculated to interfere with his impartial decisionmaking. Put simply,

the allegations are made, but they are not 'well-pleaded.'" 52 M.S.P.R. at 526.

The petitioners in *Sannier* had also asserted that they were entitled to a hearing on the jurisdictional issue. 931 F.2d at 859. The court disagreed, stating: "[T]he Board is not required to hold a hearing when facts giving rise to jurisdiction are not properly alleged, even though, as here, its existence may be asserted." *Id.* (citing *Rose v. Department of Health and Human Servs.*, 721 F.2d 355, 357 (Fed.Cir. 1983)).

■ In *Manning v. Merit Sys. Protection Bd.*, 742 F.2d 1424, 1428 (Fed.Cir. 1984), this court stated that "it would be appropriate for the MSPB to honor a request for hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence." In this case, petitioner's allegations do not raise issues of fact. Nor has petitioner indicated in his appeal brief that he has any additional evidence which should be considered by the Board before a jurisdictional determination can properly be made. Indeed, petitioner merely asserts in his appeal brief that he "is entitled to an opportunity to prove his allegations." As mentioned above, even accepting all of petitioner's factual allegations as true, the Board still does not have jurisdiction because the program and instructional course do not impair petitioner's decisional independence. All of the legal issues relating to jurisdiction can be resolved on the documentary evidence submitted. Thus, petitioner is not entitled to a hearing.

Petitioner argues, nonetheless, that "[b]ecause the MSPB's jurisdiction and the merits of an alleged constructive removal are inextricably intertwined, the issue cannot be summarily determined adversely, and the complainant is entitled to a hearing on the merits of the issue." Petitioner relies on allegedly analogous involuntary resignation cases as support for his assertion. *See, e.g., Burgess v. Merit Sys. Protection Bd.*, 758 F.2d 641, 643 (Fed.Cir. 1985) ("An involuntary resignation is a removal ... and as such the issue of jurisdiction is intertwined with the merits of [the] action.... It is this connection with the merits of an appeal which prompts the need for a hearing.") (citation omitted).

Thus, if the merits of an appeal and the threshold question of jurisdiction are inextricably intertwined, analogous reasoning *might* suggest that a petitioner is entitled to a hearing. The merits of this appeal, however, are not inextricably intertwined with the jurisdictional question. The jurisdictional question turns on the sole issue of whether the program and instructional course petitioner was required to attend infringed his decisional independence. The merits, on the other hand, would entail only a determination of whether good cause was shown for the agency to impose the program and course requirement on petitioner in the first instance. *See* 5 U.S.C. § 7521(a). While the jurisdictional question requires scrutiny of the program and course itself, the merits determination would entail scrutiny of only petitioner's behavior which resulted in the requirement that he attend the program and course. Because these inquiries are separate and distinct, the issues are not inextricably intertwined. Thus, the reasoning applied in involuntary resignation cases does not apply to this case. *See generally Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 686–89 (Fed.Cir.1992) (discussing the distinction between a ruling on the merits and a dismissal for lack of jurisdiction).[2]

■ Alternatively, petitioner argues that "the decisional independence of an administrative law judge is a 'property right' as that term is used constitutionally.... If the Board is permitted to dismiss without an evidentiary hearing, the petitioner's allegation of agency interference with his decisional independence, the petitioner will suffer deprivation of a constitutionally protected property interest without an opportunity to be heard." Petitioner asserts: "Due process requires some form of hearing be-

---

**2.** In contrast to *Spruill* and other cases involving adverse actions against ordinary civil servants, the special statute concerning ALJs, 5 U.S.C. §§ 7521(a), (b), establishes that the merits determination involves solely whether good cause supported the agency's action.

fore an individual is finally deprived a property interest."

Petitioner's argument is fatally flawed. Assuming—without deciding—petitioner does have a property right in his decisional independence and due process requires a hearing before that right can be taken away, petitioner has not shown that this right has been taken away. In other words, petitioner's due process argument fails for the same reason his argument based on his misreading of *Sannier* fails, *i.e.*, petitioner failed to show that his decisional independence has been taken away.

## CONCLUSION

The Board properly dismissed for lack of jurisdiction because petitioner failed to specifically allege how and why his decisional independence has been affected by having to attend the program and instructional course designed by the agency. Petitioner is not entitled to a hearing on the jurisdictional issue because he has not raised any issues that cannot be decided on the documents submitted.

AFFIRMED.