NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3196


DAVID KENNEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


David Kenney, of Lincoln, Nebraska, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief was B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3196

DAVID KENNEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DE3443080351-I-1.

_____

DECIDED:  December 11, 2009

_____

PER CURIAM.

David Kenney ("Kenney") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Kenney v. Merit Sys. Prot. Bd., DE3443080351-I-1 (M.S.P.B. Mar. 25, 2009) ("Final Decision"). Because the Board correctly determined that Kenney failed to raise a non-frivolous allegation that, if proven, would establish jurisdiction, we affirm.

BACKGROUND

Kenney was employed as an Applications Adjudicator by the Department of Homeland Security ("the agency") as a term employee in Lincoln, Nebraska. Through a series of temporary appointments, Kenney's initial four-year appointment, ending

December 12, 2005, was extended until September 30, 2007. On September 17, 2007, due to increasing concerns regarding Kenney's behavior, the agency placed him on paid administrative leave with duty status unaffected. On September 30, 2007, his term appointment was extended until January 24, 2008, and was again extended until March 1, 2008. On January 29, 2008, the agency notified Kenney that his current term appointment would expire on March 1, 2008 and that his term would not be extended. He remained on paid administrative leave until his separation from the agency on March 1, 2008.

Kenney appealed the agency's action to the Board. The Board issued an order advising Kenney to show cause why it did not lack jurisdiction over his appeal. The Board cited 5 C.F.R. § 752.401(b)(11), which provides that an employee's separation on the expiration date of a term appointment is not an appealable adverse action. Kenney submitted a response regarding the jurisdictional issue, arguing that the agency's refusal to extend his term was disciplinary in nature and that the agency's act of placing him on administrative leave should be deemed a constructive suspension.

The Board dismissed Kenney's appeal without a hearing. The Board held that Kenney had not alleged any facts to show that his separation from service was anything other than an expiry of a term appointment under 5 C.F.R. § 752.401(b)(11), which cannot be appealed. Kenney v. Merit Sys. Prot. Bd., DE3443080351-I-1, slip op. at 5-6 (M.S.P.B. Jan. 5, 2009) ("Initial Decision"). The Board likewise held that it lacked jurisdiction over Kenney's claim of constructive suspension, because a period of paid administrative leave does not qualify as a suspension. Id. at 6-7.

The Initial Decision became the Final Decision of the Board when the Board denied Kenney's petition for review. Final Decision, slip op. at 1-2. Kenney then filed a timely petition for review by this court. We have jurisdiction over Kenney's petition pursuant to 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which this Court reviews de novo. Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008). The appellant has the burden of establishing the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). An appellant is not entitled to a jurisdictional hearing absent a non-frivolous allegation that, if proven, would establish jurisdiction. Garcia, 437 F.3d at 1325.

Although the Board has jurisdiction over an adverse action by an agency, the definition of "adverse action" specifically excludes any "[t]ermination of appointment on the expiration date specified as a basic condition of employment at the time the appointment was made." 5 C.F.R. § 752.401(b)(11). Here, the evidence presented to the Board to support jurisdiction uniformly shows that Kenney's term appointment ended on March 1, 2008. The Board was not required to hold a jurisdictional hearing because

Kenney did not make a non-frivolous allegation of jurisdiction. The Board correctly found that it lacks jurisdiction over his dismissal at the end of a term appointment, which was not an adverse action pursuant to 5 C.F.R. § 752.401(b)(11).

Kenney also alleged that his period of paid administrative leave constituted a constructive suspension. A "suspension" is defined as "the placing of an employee, for disciplinary reasons, in a temporary status <u>without duties and pay</u>." 5 U.S.C. § 7501(2) (emphasis added). Here, it is undisputed that Kenney was provided with full pay and remained at full duty status during his period of administrative leave. "Since [his] pay was not reduced, there is simply no adverse action from which the petitioner can appeal to contest [his] placement on administrative leave." <u>Henry v. Dep't of Navy</u>, 902 F.2d 949, 954 (Fed. Cir. 1990). The Board therefore correctly held that Kenney did not make a non-frivolous allegation with regard to his claim of constructive suspension.

In addition, Kenney alleged that the agency discriminated against him on the basis of his disability. The Board has no jurisdiction to consider discrimination when it is unaccompanied by an appealable adverse action over which the Board has jurisdiction. <u>Garcia</u>, 437 F.3d at 1342-43; <u>Cruz v. Dep't of Navy</u>, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc).

For the foregoing reasons, the decision of the Board is <u>affirmed</u>.