NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**OTIS THORNE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1040

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-16-0089-I-1.

---

Decided: March 10, 2017

---

OTIS THORNE, District Heights, MD, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, O'MALLEY, and HUGHES, *Circuit Judges.*

PER CURIAM.

Petitioner Otis Thorne ("Thorne") seeks review of a final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *Thorne v. Dep't of Defense*, No. DC-3443-16-0089-I-1, 2016 MSPB LEXIS 5153 (M.S.P.B. Sept. 1, 2016) ("*Final Decision*"). For the reasons explained below, we *affirm*.

BACKGROUND

Thorne is employed as a Nursing Assistant for the Department of Defense ("the agency") at Fort Belvoir, Virginia. On September 13, 2015, the agency placed Thorne on administrative leave while it investigated an allegation that Thorne sexually assaulted a United States Navy sailor. *Thorne v. Dep't of Defense*, DC-3443-16-0089-I-1, 2016 MSPB LEXIS 1070, at *1 (M.S.P.B. Feb. 24, 2016) ("*Initial Decision*"). That same day, Thorne's supervisor, Staff Sergeant Mohammed Sayeed ("SSG Sayeed") instructed him not to report to work. *Id.* Another supervisor likewise informed Thorne to stay home and told him that he would receive further instructions the next day. *Id.* at *1-2.

From September 14 to September 18, 2015, Thorne's supervisors attempted to contact him, but he did not respond. *Id.* at *2. On September 21, 2015, SSG Sayeed sent Thorne a certified letter notifying him that he was placed on administrative leave beginning September 13, 2015. *Id.* The letter stated that there would be no change to Thorne's pay or other benefits, but that he had to be available by telephone during normal business hours. *Id.* It also informed him that, "during this period of administrative leave, he must be available to meet with agency officials as required and must contact his supervisor on regular duty days, that he could request leave, and that his failure to follow these instructions could result in formal disciplinary action." *Final Decision*, 2016 MSPB LEXIS 5153, at *3. The certified letter was returned to

the agency as "unclaimed." *Id.* Thorne did not contact his supervisors as instructed.

On October 5, 2015, the agency sent Thorne a certified letter instructing him to return to duty immediately. *Id.* In that letter, the agency explained that Thorne stopped communicating with his supervisors and that he had not requested leave or provided any documentation regarding his continued absence. *Id.* at *3-4. The letter informed Thorne that the agency placed him in Absent Without Leave ("AWOL") status as of October 4, 2015, and that failure to return to work by October 16, 2015, or to comply with the requirements of the letter, might result in disciplinary action. *Id.* at *4. That letter was also returned as "unclaimed," and Thorne failed to contact his supervisor. *Id.* His timecards were marked AWOL beginning on October 17, 2015. *Id.*

On October 28, 2015, Thorne appealed to the Board, alleging that the agency placed him on administrative leave in retaliation for whistleblowing activity. *Id.* The administrative judge issued an order informing Thorne of his burden of proof and explaining what he needed to allege to establish jurisdiction over his individual right of action ("IRA") appeal. *Id.* at *4-5. Thorne responded "by essentially asserting an involuntary suspension claim." *Initial Decision*, 2016 MSPB LEXIS 1070, at *3. The administrative judge held a telephonic status conference to discuss Thorne's claims. During that conference, the administrative judge explained the procedure for establishing Board jurisdiction. *Id.* at *4. The administrative judge then issued an order explaining the procedure for asserting an involuntary or constructive suspension claim. *Final Decision*, 2016 MSPB LEXIS 5153, at *5. In response, Thorne submitted a copy of a January 2016 letter from the agency, authorizing and directing him to take administrative leave, and explaining the requirements for doing so. *Id.*

The administrative judge issued an initial decision dismissing Thorne's appeal for lack of jurisdiction without a hearing on February 24, 2016. The administrative judge found that Thorne failed to establish Board jurisdiction over his constructive suspension appeal because he failed to show that his absence was involuntary. *Initial Decision*, 2016 MSPB LEXIS 1070, at \*5-6. In reaching this conclusion, the administrative judge considered documents the agency submitted detailing its attempts to contact Thorne and to notify him to return to work. *Id*. at \*6. With respect to the whistleblower retaliation claim, the administrative judge found that Thorne failed to prove that he administratively exhausted his claim before the Office of Special Counsel and further failed to nonfrivolously allege that he made a protected disclosure. *Id*. at \*7-8.

Thorne filed a petition for review, requesting that the Board reconsider the initial decision solely with respect to his constructive suspension claim. *Final Decision*, 2016 MSPB LEXIS 5153, at \*9, n.6 ("The appellant does not challenge on review the administrative judge's finding that he failed to establish the Board's jurisdiction over his IRA appeal, and we find no basis to disturb the administrative judge's finding."). On September 1, 2016, the Board issued a final decision denying Thorne's petition. The Board explained that Thorne's claim was dismissed on jurisdictional grounds because he failed to make a nonfrivolous allegation that he was actually or constructively suspended. *Id*. at \*6-7. The Board noted that, with the exception of six days for which he took annual and sick leave, Thorne was on paid administrative leave until the agency placed him on AWOL status due to his failure to comply with the agency's instructions to remain in contact with his supervisor. *Id*. at \*8. Had Thorne complied with those instructions, he would have remained in a paid duty status pending the outcome of the investigation. *Id*. Given these circumstances, the Board found

that his placement on AWOL was not a constructive suspension or other agency action appealable to the Board. *Id.* Because Thorne failed to nonfrivolously allege that he was constructively suspended, the Board found that the administrative judge did not err in deciding the case on the written record without a hearing. *Id.* at *9. Accordingly, the Board affirmed the administrative judge's initial decision dismissing Thorne's appeal for lack of jurisdiction.

Thorne timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). We are bound by the Board's jurisdictional fact findings "unless those findings are not supported by substantial evidence." *Rosario-Fabregas v. Merit Sys. Prot. Bd.*, 833 F.3d 1342, 1345 (Fed. Cir. 2016) (quoting *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998)).

The appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). An appellant is not entitled to a jurisdictional hearing absent a nonfrivolous allegation that, if proven, could establish the Board's jurisdiction. *Id.* at 1325. In determining whether the claimant has made a nonfrivolous allegation of jurisdiction, the admin-

istrative judge may consider the agency's documentary submissions, as long as the administrative judge does not weigh the evidence or resolve disputed issues without a hearing. *Smirne v. Dep't of the Army*, 115 M.S.P.R. 51, 54 (2010) (citing *Ferdon v. United States Postal Serv.*, 60 M.S.P.R. 325, 329 (1994)).

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Relevant to this appeal, the Board has jurisdiction over suspension claims if the suspension exceeds 14 days. 5 U.S.C. § 7512. A "suspension" is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties or pay." 5 U.S.C. §§ 7511(a)(2), 7501(2). We have recognized that, even if an employee has not been formally suspended, certain personnel actions that result in the loss of duties and pay may constitute a "constructive suspension," which is within the Board's jurisdiction. *Perez v. Merit Sys. Prot. Bd.*, 931 F.2d 853, 855 (Fed. Cir. 1991).

On appeal, Thorne argues that the Board has jurisdiction over his appeal because his placement on administrative leave on September 13, 2015 amounted to a constructive suspension. As the Board explained, however, the agency placed Thorne on *paid* administrative leave beginning on September 13, 2015. *Initial Decision*, 2016 MSPB LEXIS 1070, at *2. We have expressly recognized that placement on paid administrative leave does not constitute an actual or constructive suspension. *Henry v. Dep't of Navy*, 902 F.2d 949, 954 (Fed. Cir. 1990) (finding that a petitioner who was placed on paid administrative leave was not suspended, and there was "no adverse action from which the petitioner can appeal to contest her placement on administrative leave"); *see also Kenney v. Merit Sys. Prot. Bd.*, 356 F. App'x 394, 396 (Fed. Cir. 2009) (affirming the Board's decision that it lacked juris-

diction over a claim of constructive suspension because a period of paid administrative leave does not qualify as a constructive suspension). Thorne therefore cannot appeal his placement on paid administrative leave to the Board. *See Henry*, 902 F.2d at 954; *LaMell v. Armed Forces Ret. Home*, 104 M.S.P.R. 413, 416 (M.S.P.B. 2007) ("A period of paid administrative leave is not appealable to the Board.").[1]

To the extent Thorne argues that the agency's decision to transfer him from administrative leave to AWOL status amounted to a constructive suspension, we disagree. As previously discussed, the agency transferred Thorne to AWOL status because he failed to comply with the agency's instructions to communicate with his supervisors during his period of administrative leave. *Final Decision*, 2016 MSPB LEXIS 5153, at *3-4. Placement on AWOL status, by itself, is not an appealable adverse action, as it does not fall under any of the categories of adverse actions set forth in 5 U.S.C. § 7512. *See Perez*, 931 F.2d at 855 ("We hold that in a situation such as this, where an employee has voluntarily absented himself from work, placement in a non-pay or AWOL status, even for longer than 14 days, is not a constructive suspension or other agency action appealable to the [Board]."). The Board has recognized, however, that employee-initiated leaves of absence may be appealable as constructive suspensions where the appellant alleges that: (1) he lacked a meaningful choice in the matter; and (2) it was

---

[1] To the extent Thorne claims that he was suspended as a result of enforced leave usage, the Board found that his combined annual and sick leave use during the pay period ending on October 3, 2015 was only 48 hours, well short of the 15 days required to establish Board jurisdiction. *Final Decision*, 2016 MSPB LEXIS 5153, at *8. We find no error in that decision.

the agency's wrongful actions that deprived him of that choice. *Romero v. U.S. Postal Serv.*, 121 M.S.P.R. 606, 610 (M.S.P.B. 2014) (citing *Bean v. U.S. Postal Serv.*, 120 M.S.P.B. 397, 401 (M.S.P.B. 2013)); *see Rosario-Fabregas*, 833 F.3d at 1346-47 (holding that the Board's standard for establishing jurisdiction in constructive suspension cases, as set forth in *Romero*, is appropriate).

Thorne has not alleged that he lacked a meaningful choice between remaining on administrative leave or being placed on AWOL. Nor does he allege that the agency deprived him of that choice. As the Board explained, had Thorne complied with the agency's instructions, "he would have remained in a paid duty status, albeit at his home, pending resolution of the agency's investigation into his conduct." *Final Decision*, 2016 MSPB LEXIS 5153, at *8. Thorne's failure to remain in contact with the agency and comply with its instructions was his choice, and voluntary employee actions are not within the Board's jurisdiction. *Starkey v. Dep't of the Navy*, 198 F.3d 851, 853 (Fed. Cir. 2000) ("Voluntary employee actions are not within the jurisdiction of the [Board].") Under these circumstances, we agree with the Board that Thorne's placement on AWOL status is not a constructive suspension within the Board's jurisdiction.

On appeal, Thorne asserts that the administrative judge "resolved disputed issue [sic] of fact that should have gone to hearing." Pet'r Informal Br. ¶ 5. Thorne does not identify the disputed issue or issues of fact to which he refers. To the extent he refers to the issue of whether he received notice to return to work, the Board did not rely on that issue in rendering its decision. Instead, as indicated, the Board relied on the agency's stated explanation for placing him on AWOL status, which was his refusal to communicate with his supervisors while on administrative leave. *Final Decision*, 2016 MSPB LEXIS 5153, at *8. Because Thorne failed to provide any evidence rebutting the agency's submissions

on this issue, which included a signed statement from SSG Sayeed regarding his attempts to reach Thorne, the Board did not improperly resolve any disputed issues of fact. *See Smirne*, 115 M.S.P.R. at 54.[2]

We agree with the Board that Thorne failed to make a nonfrivolous allegation that he was actually or constructively suspended. Without any such allegations, the Board correctly held that it lacked jurisdiction over Thorne's appeal. For these same reasons, the Board also correctly concluded that Thorne was not entitled to a jurisdictional hearing. *See Garcia*, 437 F.3d at 1325.

CONCLUSION

For the foregoing reasons, and because we find Thorne's remaining arguments are without merit, we affirm the Board's final decision dismissing his appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.

_____

[2] Thorne also asserts that the Board failed to consider that he attempted to return to work voluntarily on January 22, 2016, but the agency placed him on leave without pay status. Pet'r Informal Br. ¶ 4. This allegation is irrelevant to Thorne's appeal to the Board, which was filed in October 2015. To the extent Thorne is attempting to assert a new claim for the first time on appeal, we decline to consider it. In any event, Thorne submitted to the Board a copy of the January 22, 2016 letter from the agency authorizing him to use administrative leave beginning that date. *Final Decision*, 2016 MSPB LEXIS 5153, at *5. Despite Thorne's suggestion otherwise, the letter expressly stated that there would be no change to his pay or other benefits. Resp't App. 48.