NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC J. SUTULA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1818

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-22-0299-I-1.

---

Decided:  March 24, 2026

---

DEBRA D'AGOSTINO, Federal Practice Group, Washington, DC, argued for petitioner.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before REYNA and CHEN, *Circuit Judges*, and FREEMAN, *District Judge*.[1]

REYNA, *Circuit Judge*.

Eric J. Sutula challenges the Merit Systems Protection Board's ("Board") dismissal of his termination appeal for lack of jurisdiction. The Board affirmed an initial determination that Mr. Sutula failed to non-frivolously allege that he satisfied one of the definitions of "employee" set forth in 5 U.S.C. § 7511(a)(1), which is a requirement for Board jurisdiction. Because we determine Mr. Sutula non-frivolously alleged that he was an "employee," we reverse and remand for a jurisdictional hearing.

## BACKGROUND

The merits of Mr. Sutula's termination claim before the Board are not at issue on appeal. Rather, we are faced with a threshold jurisdictional question: Did Mr. Sutula non-frivolously allege that he was non-probationary at the time of his termination such that he met the "employee" status necessary to have appeal rights to the Board?

To establish Board jurisdiction, an appellant must demonstrate, among other things, that he or she satisfied one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1) at the time of his or her termination. *See* 5 U.S.C. § 7513(d). This means he or she must have either (1) "not [been] serving a probationary or trial period under an initial appointment," or (2) have "completed 1 year of current continuous service." *Id.* § 7511(a)(1). Mr. Sutula does not dispute that he completed less than 1 year of current continuous service at the time of his termination. Thus, the question is whether he was probationary at the time of his

---

[1] Honorable Beth Labson Freeman, District Judge, United States District Court for the Northern District of California, sitting by designation.

termination.    Pursuant to 5 C.F.R. § 315.801(a)(1), the "first year of service" of an employee who is "appointed from a competitive list of eligibles," also known as a "register,"[2] is probationary.

Mr. Sutula worked for the U.S. Department of the Navy from 2001 until 2019, during which time he completed an initial one-year probationary period.  He left the Navy to take a job in the private sector and returned to federal service on February 16, 2021, when the Department of Commerce ("agency") appointed him to the competitive service as a Supervisory General Engineer.

Upon his appointment, the agency processed a SF-50 form ("Original SF-50") identifying Mr. Sutula as a "career-cond[itional]" employee. J.A. 52.  The Original SF-50 listed the legal authority for Mr. Sutula's hiring as 5 C.F.R. § 337.201, which permits agencies to use direct-hiring authority ("DHA") if "OPM determines that there is either a severe shortage of candidates or a critical hiring need for such positions."  The Remarks section (Box 45) of the Original SF-50 indicated that Mr. Sutula was "selected from certificate[3] #20201030-CBPM-001" and that his appointment was "subject to completion of one-year initial probationary period beginning 02/16/2021." J.A. 52–53.

After reviewing the Original SF-50, Mr. Sutula contends he contacted human resources to correct his

---

[2]    Applicants who qualify for the competitive service are listed in registers, which are known as lists of eligibles. 5 U.S.C. § 3313.

[3]    The Board construed the Original SF-50's reference to a "certificate" as synonymous with a "competitive list of eligibles" or "register." J.A. 3–4. Mr. Sutula does not challenge that finding on appeal.  Appellant Reply Br. 3 ("Mr. Sutula does not quibble that the words 'list' and 'certificate' may be used interchangeably in this context . . . .").

employment classification and probationary status. J.A. 86–87. Mr. Sutula contends he told human resources that his prior service with the Navy made him a tenured, career employee, and exempted him from serving another initial probationary period under 5 C.F.R. § 315.801. *Id.*

The agency subsequently issued three additional SF-50 forms backdated to February 16, 2021—two "corrections" and one "cancellation." Because each form was backdated, the chronology of these correction and cancellation actions is unclear. Nonetheless, there are several material changes present in these forms. The cancellation SF-50 ("Cancellation SF-50"), J.A. 55, revoked, at least in part, the Original SF-50, which was the only SF-50 form indicating that Mr. Sutula was hired from a "certificate." Further, one of the correction SF-50s ("Corrected SF-50")[4], J.A. 56, changed Mr. Sutula's appointment to a career appointment with permanent tenure and revised the remarks to read "Initial Probationary Period Completed."[5] Both the Cancellation SF-50 and Corrected SF-50 maintained that Mr. Sutula was hired using DHA.

The agency terminated Mr. Sutula two days shy of his one-year work anniversary. Notwithstanding the remark on the Corrected SF-50 that his initial probationary period had been completed, the SF-50 processing Mr. Sutula's termination ("Termination SF-50") indicates he was terminated for "failure to pass probationary period." J.A. 143.

---

[4]    The other correction SF-50 does not make changes material to our opinion.

[5]    The Corrected SF-50 maintained that Mr. Sutula's appointment was subject to a separate probationary period "for assignment to supervisory or managerial position." J.A. 56. Unlike an initial probationary period, that probationary period does not deprive Mr. Sutula of MSPB appeal rights.

Mr. Sutula appealed his termination to the Board. An Administrative Judge ("AJ") issued an initial decision determining Mr. Sutula failed to non-frivolously allege jurisdiction before the Board. Specifically, the AJ determined that Mr. Sutula had no Board appeal rights because, having been selected from a register, he was required to serve a probationary period under 5 C.F.R. § 315.801, and therefore did not meet either definition of an "employee" under 5 U.S.C. § 7511.

The AJ did not rely on the remark in the Original SF-50 regarding Mr. Sutula's selection from a "certificate" in reaching her determination that Mr. Sutula was a probationer. *See* J.A. 15 ("As SF-50 forms are not conclusive evidence and because of the contradicting information contained on all of the forms at issue, I find these forms offer no value in determining the issues in this case."). Rather, she cited Mr. Sutula's concession in briefing that "he was appointed from a register."[6] J.A. 16. In affirming the AJ's initial decision, however, the Board relied on the "certificate" remark from the Original SF-50 and Mr. Sutula's ignorance of his hiring process. J.A. 3–4. The certificate itself was not a part of the record before the Board. Oral Arg., 18:43–54, https://www.cafc.uscourts.gov/oral-arguments/24-1818_01082026.mp3 (**Q**: "Is there, in fact, a certificate number 20201020?" **A**: "It wasn't provided into the record.").

------

[6]    In his Petition for Review of the AJ's initial decision, Mr. Sutula argued the AJ erred by stating he "concedes that he was appointed from a register." J.A. 182. Mr. Sutula argued that he has "no knowledge of how he was selected" aside from what was stated "in the position advertisement and in his letter of termination, both of which state that the hiring mechanism was Direct-Hire Authority." *Id.*

Mr. Sutula appealed the Board's final decision to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

LEGAL STANDARD

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  5 U.S.C. § 7701(a); *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998).  Relevant to this appeal, for the Board to have jurisdiction, an appellant must be an "employee," which 5 U.S.C. § 7511(a)(1) defines as an individual who is either (1) "not serving a probationary or trial period under an initial appointment;" or (2) "has completed 1 year of current continuous service."  Where an appellant makes non-frivolous allegations that, if true, can establish Board jurisdiction, the appellant is entitled to a hearing on the jurisdictional question.  *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1330 (Fed. Cir. 2006).  A nonfrivolous allegation is one that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal.  5 C.F.R. § 1201.4(s).  An AJ may not weigh evidence or resolve conflicting assertions of the parties when an appellant non-frivolously alleges an otherwise adequate prima facie showing of jurisdiction.  *Dumas v. Merit Sys. Prot. Bd.*, 789 F.2d 892, 893–94 (Fed. Cir. 1986).

STANDARD OF REVIEW

Whether the Board has jurisdiction to adjudicate an appeal is a question of law we review de novo.  *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024).  We review the Board's factual findings on which a jurisdictional determination is based for substantial evidence.  *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

DISCUSSION

The question before us is whether Mr. Sutula non-frivolously alleged that he was non-probationary at the time of his termination and is therefore entitled to a jurisdictional

hearing before the Board.  We determine Mr. Sutula met this threshold, and we reverse the Board's final decision and remand for a jurisdictional hearing.

Mr. Sutula made several allegations that, if true, demonstrate that he was non-probationary at the time of his termination.  Mr. Sutula alleged before the Board that he already completed an initial probationary period during his prior federal service with the Navy and was thus, under the law, exempted from repeating a probationary period with the agency.  *E.g.*, J.A. 87.  The AJ rejected this argument, finding Mr. Sutula failed to meet the necessary criteria for his prior probationary period to apply to his new position, J.A. 17.  But Mr. Sutula alleged that this understanding prompted him to contact human resources to correct the agency's Original SF-50's statement that he was hired subject to an initial probationary period, believing the statement to be in error.  J.A. 86–87.  The agency subsequently issued a series of corrective actions, including the Corrected SF-50 which stated "Initial Probationary Period Completed."  J.A. 87.  Further, Mr. Sutula alleged that his hiring under DHA allowed the agency to use "expedited" and "non-competitive appointment," i.e., appointment without drawing from a competitive list of eligibles.  J.A. 183.  These collective allegations, if true, establish that it is more likely than not that Mr. Sutula was non-probationary.

The Board, however, determined that Mr. Sutula was probationary based on its finding that he was selected from a "certificate," i.e., a competitive list of eligibles.  J.A. 3.  As an initial matter, Mr. Sutula's counsel conceded at oral argument that DHA did not preclude the agency from selecting him from a certificate.  Oral Arg., 4:08–19 (**Q**: "An employee could still be hired from a certificate of eligibles through the direct hire process, did I hear you acknowledge that before?" **A**: "Yes.").  His counsel also conceded that, had Mr. Sutula been selected from a certificate, he would have been required to serve a one-year probationary

period. *Id.* at 7:34–44 (**Q**: "If [the agency] did in fact use [a certificate], then the fact that it was through a direct hire doesn't seem to make a difference?" **A**: "I would concede that they certainly could . . . ."); *see* 5 C.F.R. § 315.801(a)(1).

The Board's finding that Mr. Sutula was selected from a competitive list of eligibles was improper for two reasons. First, the Board's finding lacks substantial evidence. The Board relied only on the "certificate" remark from the cancelled Original SF-50 and the agency's reference in briefing to the same. J.A. 3; Appellant Br. 14–15. The actual "certificate" was not before the Board. Appellant Br. 15; Oral Arg., 18:43–54 (counsel for the Board agreeing the certificate was not of record). And the cancellation of the Original SF-50 means that form, in whole or in part, was no longer in force. The Board's finding is therefore unsupported by substantial evidence.

Second, the Board lacks authority to weigh evidence and resolve disputed issues of the parties at the non-frivolous allegation of jurisdiction stage. *See Dumas*, 789 F.2d at 893–94; *Thorne v. Merit Sys. Prot. Bd.*, 681 F. App'x 923, 926–27 (Fed. Cir. 2017) (citation omitted). While the Board can consider the agency's documentary submissions, the Board cannot consider mere factual contradiction of Mr. Sutula's non-frivolous allegations without holding a jurisdictional hearing. *Id.* That is exactly what the Board did here. The Board weighed the assertion that Mr. Sutula was hired via a "certificate" against Mr. Sutula's allegation that he was not required to complete an initial probationary period as indicated by his Corrected SF-50. J.A. 3.

Even assuming the "certificate" remark on the Original SF-50 was not cancelled, the "agency's series of SF-50 forms" are, at a minimum, "confusing and contain[] contradictory information," as aptly noted by the AJ. J.A. 15. It is impossible to ascertain, from the record, whether the agency erred when it stated Mr. Sutula was hired from a

"certificate," or whether it erred when it found that Mr. Sutula was not required to complete an initial probationary period. Where, as here, a determination cannot be made on the documentary submissions alone, the Board should hold an evidentiary hearing to resolve the jurisdictional question. *See Stephens v. Merit Sys. Prot. Bd.*, 986 F.2d 493, 497 (Fed. Cir. 1993) (restating prior precedent that "it would be appropriate for the [Board] to honor a request for hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence.") (citation modified). Under these circumstances, Mr. Sutula is entitled to a jurisdictional hearing.

## CONCLUSION

For the foregoing reasons, we reverse and remand to the Board to hold a jurisdictional hearing.

## **REVERSED AND REMANDED**

### COSTS

No costs.